Stephenson, J.
 

 There are eleven assignments of error made by the plaintiff in error. The first, fourth, fifth, sixth, seventh, eighth, ninth and tenth allege that the court failed to charge certain law germane to the case. In the second assignment, it is claimed that the court erred in attempting to define the issues by propounding three interrogatories, using practically the exact language of the three special charges of negligence. The third assignment alleges that the trial court erred in that in propounding the three interrogatories to the jury the court found and determined the ultimate facts, instead of leaving it to the jury to find the facts from the evidence.
 

 From an examination of the record we find that plaintiff in error, defendant below, requested the court to give to the jury, in writing, before argument, twelve special instructions, and the court gave each and all of them. The defendant below requested the court, in
 
 *529
 
 special instructions numbers 1, 2, 3 and 12, to charge on the issue of contributory negligence; and now he complains that the court erred in charging on the issue of contributory negligence in his general charge, first, insisting that the issue is not made by the pleadings, and, second, that if such an issue was made in the case, the court’s charge on contributory negligence was erroneous.
 

 Whether the issue was made by the pleadings or not, it was injected into the case by plaintiff in error when he requested the court to charge on the issue, and he can not now complain that the issue was not made. The court had a right to charge on contributory negligence in his general charge, so long as the general charge on such issue did not in any wise change or modify the special instructions given before argument upon the issue of contributory negligence.
 

 Plaintiff in error further insists that the court failed to instruct the jury to the effect that the special instructions given in writing, before argument, constituted a part of the law to govern them in their deliberations.
 

 The record does not show that the court charged specifically upon this proposition; neither does the record show that he was requested so to charge. We find in the record that the court used the following language: “Ladies and gentlemen of the'jury, counsel for the defendant has requested the court to give you certain instructions as to the law of this case before the arguments of counsel are given. So, I now charge you as a part of the law applicable to this case and which you are bound to follow, the following several and separate propositions of law.”
 

 Then we find in the record the following language: “Ladies and gentlemen of the jury, you have heard the evidence in this case, special instructions as to the law given you before argument, the argument of counsel, and it now becomes my duty to
 
 further
 
 instruct
 
 *530
 
 you generally upon the law of the case which it is your duty to follow. ’ ’
 

 We think the court sufficiently indicated to the jury in this charge that the special instructions did constitute a part of the law of the case, by which they should be governed in their deliberations. Suppose the court did not so charge, and was not requested so to do? A general exception to the charge would not raise this question.
 

 We are not impressed with the contention that it is absolutely necessary for the trial court to charge all the statutory law involved in a case, in the absence of a specific request so to do. Such a holding would impose not only a stupendous, but an unnecessary, burden upon the trial court.
 

 As to all the matters complained of by counsel for plaintiff in error as to which the court failed to charge, there can be no error as no request was made that the court charge upon these several propositions. In so holding, we are following the case of
 
 State
 
 v.
 
 McCoy,
 
 88 Ohio St., 447, 103 N. E., 136.
 

 We find no prejudicial error in this case, and the judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.