## PLETCHER v YOUNKER

Ohio Appeals, 9th Dist, Wayne Co

No 904. Decided Oct 6, 1932

Weygandt & Ross, Wooster, and Trout-man & Taggart, Wooster, for plaintiff in error.

Weiser & Weimer, Wooster, and Marie S. Schaffter for defendant in error.

WASHBURN, J.

Pletcher having admitted the injury, he was liable unless the jury found he acted in self-defense, and even then he would be liable if the force used by him was more than the exigency reasonably demanded.

It is urged that the court erred in permitting a doctor to testify that from the nature of the wound he should judge that Younker was either hit from behind or if hit from in front that it was while he was bending over; the witness saying, "It might have been from in front; I would not say it was not."

We are clearly of the opinion that the case should not be reversed for error in admitting such testimony, even if it be conceded that the circumstances did not warrant the expression of an expert opinion upon the subject. The sum and substance of the doctor's testimony was that the blow was upon the head at a point where, if Younker had been struck from in front and while standing upright, his ear would have been injured, and that because his ear was not injured, the doctor was of the opinion that he was either hit from behind, or, if from in front, then while he was leaning over; and he expressly stated that Younker might have been hit from in front and that he could not say that he was not. The jury were amply able to judge of the reasoning of the doctor, and we do not think that plaintiff in error was prejudiced by such evidence.

It is also claimed that the court erred in giving the following instruction in writing before argument, at the request of Younker, to-wit:

"A threat to inflict bodily harm will not justify an assault and battery unless a reasonable person, under the circumstances, would believe that the one making such threat had the present means of carrying such threat into execution."

It is urged that Pletcher, in defending himself against an attack of his person, was entitled to use such force as reasonably appeared to him necessary at the time, and that his conduct should not be judged by what a reasonable person would do under the circumstances.

It may be conceded that the claim made, as applied to an attack, is a correct statement of the law; but the charge in question is limited to a threat. Pletcher had testified that a threat was made and that Younker also came towards him in a men-

acing manner with a club in his hand, and under such circumstances the court could properly say, as a matter of law, that a mere **threat** to inflict bodily harm would not justify an assault and battery, and the adding to such charge the qualification "unless a reasonable person, under the circumstances, would believe that the one making such threat had the present means of carrying such threat into execution" was favorable to the plaintiff in error. We think that the charge, when read as a whole, was limited to a **threat**, as to which there was a claim made, supported by evidence. We hold that there was no error in giving the charge in question.

It is also claimed that the court erred in giving the following charge before argument, at the request of Younker, to-wit:

"Even though you should find that the plaintiff assaulted the defendant first, it would still be your duty to return a verdict for the plaintiff if you find that the defendant used an excess of force in repelling the assault of the plaintiff."

It is claimed that this was error because it left to the jury to determine whether more force was used than was actually necessary, without requiring the jury to judge that matter by how much force appeared to Pletcher to be necessary. ·

We think that, as applied to a civil action for damages for an assault and battery, even if the defendant acted in self-defense, it is a question for the jury to determine whether or not an unreasonable and disproportionate degree of force was used, and in deciding that question, the jury is not bound by the situation as the defendant says it appeared to him. In the case of **Close v Cooper, 34 Oh St 98,** which was a case for damages for an assault and battery, the court was asked to charge that the jury should determine whether the force used "was suitable and proper under the circumstances; if not, then the defendant is liable in this action," and the Supreme Court determined that it was error not to give such instruction or its equivalent.

It would have been better, in this case, to have used in place of the language "excessive force" the language "a force greater than the exigency reasonably demanded," and that is what in effect the court charged in its general charge, wherein the jury was told that "the law would not require the person using the greater force to respond in damages for so doing unless the instrument which he used or the force which he used is of **much greater** proportion than the circumstances would warrant."

In determining whether or not there was error in the matter now being discussed, it is proper for us to take into consideration the character of the instrument with which the force was administered in this case and the immediate effect and seriousness of the force used. After being charitable to Pletcher, we do not see how reasonable men, considering all the circumstances and the evidence of Pletcher as to what occurred, could have reached the conclusion that the force used was not in excess of what the exigency reasonably demanded; and our conclusion is that, under the circumstances of this case, there was no prejudicial error in the court's charging as it did.

It is also claimed that the court erred in saying to the jury that there was a direct conflict between the testimony of Pletcher and Younker as to what occurred at the time the injury was inflicted, and that both of the parties could not have been telling the truth about the matter.

We find no error in so charging, and think that the record in the case justified the court in so charging.

The controversy out of which this trouble arose was a dispute between the parties in reference to a line fence, and that controversy had been going on for some little time before the day of the assault, and Pletcher offered evidence which he claimed tended to prove that his attitude during the controversy and up to the time of the assault was conciliatory and just, and the court refused to permit the introduction of such evidence and charged the jury that it did not make any difference who was right or who was wrong in the contentions of the parties concerning the line fence. It is claimed that this testimony was offered for the purpose "of showing where the malice lay in the matter."

We find no error in the ruling of the court or the charge of the court in reference to said matter. There can be no doubt that unless the blow that was struck by Pletcher with the large stick or small osage fence post, was struck in self-defense, it was malicious, in the sense of justifying exemplary damages; and the conciliatory attitude of Pletcher, or the question of who was right in the previous stages of the controversy, would have no bearing upon the question of whether or not he acted maliciously, in the sense of justifying the

awarding of exemplary damages.

On the subject of exemplary damages, the court charged the jury as follows:

"In addition to compensation in this kind of a case, if the act of the defendant was maliciously done, as I have explained malice to you, then you have the right also to add to the compensatory damages, exemplary or punitive damages, that is, damages which are awarded for the purpose of punishing the defendant as he would be punished in a criminal case, that is, to add to the amount plaintiff is entitled to receive, a sum by way of punishment."

It is claimed that this was error because the court did not explain what he meant by the term "malice" and did not give to the jury any rules of law by which the jury were to be governed in the assessment of such damages, and erroneously stated the purpose of exemplary damages to be to punish the defendant "as he would be punished in a criminal case."

Previous to this part of the charge, the court had said to the jury in an instruction before argument the following:

"If you find that the defendant not only committed an assault and battery upon the plaintiff but that he did it wantonly and maliciously, then you may return a verdict which will not only include compensatory damages, but exemplary damages also. Exemplary damages means a sum of money given to the plaintiff to punish the defendant. In fixing the amount of exemplary damages, you may consider that plaintiff has incurred attorney fees. However, the amount of exemplary damages is not confined to plaintiff's attorney fees; but may include such further sum as you think just in order to punish the defendant."

And in the general charge the court also referred to the subject as follows:

"If you should find by a preponderance of the evidence that the defendant did unlawfully strike the plaintiff and that the same was maliciously done, or that he did it with malice, then you may, in addition to awarding the plaintiff compensatory damages, also award or include in your verdict exemplary or punitive damages. I gave you an instruction before argument of counsel on that question, and what I said to you is the law and you will have that with you in the jury room and you may reread it again."

After the conclusion of the general charge, counsel for Pletcher said to the court, "I do not think the court covered the question of proof on the question of malice"; and the court said to the jury, "I have explained to you that the burden is upon the defendant to establish by a preponderance of the evidence his claim that he acted in self-defense; the burden is on the plaintiff to establish that the defendant acted maliciously; also the burden of proof is upon the plaintiff to establish by preponderance of the evidence that he was injured by reason of the blow, and also of the nature and extent of his injuries. By preponderance we mean preponderance as I have already explained it to you."

There was no request to the court to define malice or to instruct the jury in any other manner in reference to exemplary damages. We think that the circumstances of the case were such that it was not error for the court to say no more than it did upon the subject of malice, and we find no prejudicial error in what he did say upon the subject of exemplary damages.

We have examined and considered all the claimed errors, and have reached the conclusion that the record does not disclose any prejudicial error which would justify this court in disturbing the judgment of the Common Pleas Court. The judgment is therefore affirmed.

PARDEE, PJ, and FUNK, J, concur in judgment.