HAMMOND *v.* RAY.

(Decided January 14, 1935.)

*Mr. Charles A. Jilek,* for plaintiff in error.
*Messrs. Payer, Corrigan & Cook,* for defendant in error.

LEMERT, J.    This action was first instituted in the Municipal Court of the city of Cleveland by Michael Ray, it being an action to recover damages for personal injuries sustained by him when his hand was badly lacerated as a result of being ejected from the premises of Robert Hammond, plaintiff in error. This case was tried twice, and on each occasion a verdict resulted in favor of plaintiff below.

Several grounds of error are set forth in the petition in error, but only two are presented in oral argument and in the brief filed in this court, namely, that the verdict is contrary to law and that the court erred in its charge to the jury.

From an examination of the record before us we are of the opinion that the first alleged ground of error is not well taken, that there is ample evidence in the record to sustain the verdict of the jury, and that said

verdict is not contrary to law. On the other claimed ground of error, to-wit, that the court erred in its general charge in qualifying, modifying or commenting upon one of the special requests of the plaintiff in error, we reproduce such special request as given before argument:

"If you find the fact to be that the plaintiff, Mr. Ray, entered the store of Mr. Hammond, the defendant, and that while in the store, the plaintiff, Mr. Ray, caused a disturbance, and that the defendant, Mr. Hammond, repeatedly requested the plaintiff, Mr. Ray, to leave the store, and that Mr. Ray refused to go and continued to conduct himself in the same disturbing manner, if you should find the fact to be, I say, as a matter of law, the defendant, Mr. Hammond, should be justified in using such force as was necessary to eject the plaintiff, Mr. Ray, from his store, and the law does not closely nor nicely measure the force which the defendant used to effect that purpose."

It will be noted that this request was offered as being applicable to the contention that the defendant struck or assaulted the plaintiff in an effort to eject him from his store because he was creating a disturbance, and that it was done in self-defense. We note, however, that the answer filed by the defendant did not tender the issue of self-defense, nor charge that the defendant struck the plaintiff in an attempt to eject him from the store, but, on the contrary, alleged that plaintiff's own companion had shoved the plaintiff and caused him to fall and injure himself, so that any evidence of self-defense being offered over plaintiff's objection was contrary to the pleadings, and we are therefore of the opinion that the court below was extremely liberal toward the defendant in having given the special request and also in having charged in the general charge upon the issue of self-defense.

Relative to the contention that the court erred in its general charge in altering, modifying or commenting upon the special request we note that the authorities relied upon by the defendant as supporting the doctrine that a trial court may not modify, qualify or comment upon a special request have all been overruled. Such statement is not the law, and is predicated upon a misinterpretation of the statutes and a misconstruction of their express terms.

It is to be observed from a careful reading of the general charge of the court that the court did not mention the special request, or comment upon it. Neither did the court in any way qualify or contradict its terms. In the present case the substance of the special request was that the defendant, in ejecting a trespasser, or in self-defense, may exercise such force as is reasonably necessary, but that the law does not closely measure the force which the defendant may use to effect that purpose. The court, in its general charge, merely treated the converse of that proposition, namely, in ejecting a trespasser, or in self-defense, the defendant may not use more force than is reasonably necessary. This was neither a contradiction nor a qualification of the special request.

We are of the opinion that the charge of the court in the instant case was in accordance with established principles declared by the Ohio courts, and was not erroneous or a contradiction of the special request. We cite: *Pletcher* v. *Younker*, 44 Ohio App., 80, 184 N. E., 404; *Close* v. *Cooper*, 34 Ohio St., 98; 3 Ohio Jurisprudence, 216, Section 13.

We also direct attention to a case recently decided by the Supreme Court, *Varner* v. *Eppley, Admr.*, 125 Ohio St., 526, 182 N. E., 496, wherein the court held in the first and fourth paragraphs of the syllabus:

"The trial court is not required to charge all the

statutory law involved in an action at law, in the absence of a specific request so to do.

"If the trial court fails to inform the jury that the special instructions given in writing before argument, taken in connection with the general charge of the court given after argument, constitute the law by which the jury will be governed in its deliberations on the case, he has committed no error in the absence of a request to so charge."

We therefore find no error in the charge of the court, and it follows that the judgment of the court below will be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHERICK, P. J., and MONTGOMERY, J., concur.

SHERICK, P. J., LEMERT and MONTGOMERY, JJ., of the Fifth Appellate District, sitting by designation in the Eighth Appellate District.