**POLANDO, Plaintiff-Appellant, v. VIZZINI, d. b. a. DeLUXE CAFE, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3302. Decided November 7, 1949.

 

Carlyle & Carlyle, Regis W. Gilboy, Youngstown, for plaintiff-appellant.

William E. Pfau, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

In this opinion the parties will be referred to as they stood in the court of common pleas.

Plaintiff was seated in defendant's cafe, situated in Youngstown, Ohio, to which he, together with the general public, had been invited by defendant, and where he was a paid patron at the time defendant's manager and barkeeper asked him to hold the door while he forcibly ejected another patron, called ejected patron, hereafter, who used loud, vulgar, boisterous and profane language therein, and objected to the music that was being played on a "juke box," furnished by defendant for the amusement and entertainment of his patrons, which ejected patron disconnected with such force and violence that he broke it rendering it unusable.

In his petition filed in the court of common pleas plaintiff charged defendant with "negligent, careless and wrongful conduct in causing and precipitating an altercation and fight with a customer as aforesaid"; and "forcibly and physically attacking said customer before said customer had a reasonable opportunity to leave said premises"; in "failing and neglecting to provide police, guards or other means of protection for the protection and safety of customers and invitees"; and "in failing and neglecting to call upon police, or other duly constituted police authorities, to eject, arrest or otherwise deal with said customer" when defendant "knew, or in the

exercise of ordinary care should have known, that his acts, or failure to act, was likely to and would result in injury to other customers, and particularly this plaintiff as aforesaid."

The trial judge overruled defendant's demurrer to plaintiff's petition; but sustained his motion for, and directed the jury to return a verdict for him at the close of plaintiff's case upon authority "of the other cases and citations in the briefs of counsel filed on demurrer" and Shayne v. Coliseum Building Corp., 270 Illinois Appellate Court Reports 547, in which it is said:—

"The test is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and if so, the connection is not broken; but if the act of the third person which is the immediate cause of the injury is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the first act or omission, the connection is broken and the first act or omission is not the proximate cause of the injury."

Plaintiff appealed to this court from the judgment of the trial court on questions of law, and contends that the trial judge erred to his prejudice "in determining as a matter of law that plaintiff was not entitled to recover under the law and the facts"; and deprived him of his constitutional right of trial by jury by directing the jury to return a verdict against him.

The evidence discloses that before he took the ejected patron by the arm and started to escort him to the door defendant's bartender twice requested such ejected patron to leave the tavern peaceably; that enroute to the door the ejected patron became unruly, although he said if the bartender would let him alone he would leave peaceably; that the bartender realized that he had an unruly customer "on his hands," although there was nothing about him at any time that caused him to suspicion that he carried a gun; that he determined he could not handle such ejected patron and open the door at the same time, and that accordingly he asked plaintiff to open the door; that during the scuffle that ensued between defendant's bartender and the ejected patron, and while plaintiff was holding the door open, the ejected patron fired three shots from a pistol or revolver, one of which struck plaintiff in the abdomen causing him severe and permanent personal injury.

There is no evidence in the bill of exceptions submitted to us for review to support the allegation of plaintiff's petition that defendant's bartender precipitated an altercation and fight with such ejected patron; nor that he forcibly and physically attacked him before he had a reasonable opportunity to leave defendant's tavern, nor at any other time; and nothing indicating to us the necessity for calling police officers to eject, arrest or otherwise deal with such patron at the time he started to escort him to the door.

It is settled law that defendant had the right to invite to or eject patrons from his cafe, in which he had a definite property right and the legal right to control.

We find no law imposing upon defendant the duty or responsibility to employ private guards to maintain peace therein (4 Am. Jur. page 167, Assault and Battery, paragraph 76); nor that compelled him, under the facts in this case, to call the police before the ejected patron shot plaintiff. Defendant's manager, or bartender, was acting within his right and the law in peaceably requesting the patron, whom he later ejected because "he put up kind of a fuss," to leave such cafe, and when the ejected patron did not comply with such request he had the right to use such force as was necessary to eject him. While he could use only reasonable force, nevertheless the supreme court has held that he would be "justified in using such force as was necessary to eject the plaintiff from" his cafe, "and the law does not closely or nicely measure the force which the defendant used to effect that purpose." See Crouch v. Ringer, (Wash.) 188 Pac. 782; 9 A. L. R., 374 at 379; 33 A. L. R. 421; **3 O. Jur., page 216; Hammond v. Ray, 50 Oh Ap 47**, 197 N. E. 502; **Armuleuis v. Koblitz, 114 Oh St 73**, 150 N. E. 620.

As the result of careful study of the evidence submitted to us in the bill of exceptions, which it is not necessary to state further, we are of opinion that defendant's bartender did not use unreasonable nor more force than was necessary to accomplish the purpose of ejecting such patron, as plaintiff's counsel contends.

Viewing the evidence in its entirety we believe it supports our conclusion that such shooting of plaintiff by the ejected patron was an act not intended by defendant's bartender, nor one he could have reasonably foreseen, nor was bound to anticipate, and for which neither defendant, nor his manager, were legally responsible.

We are of opinion that plaintiff failed to sustain the allegations of his petition, which the trial judge permitted him to amend to conform to the evidence, and that accordingly the

trial judge did not err to his prejudice in any of the respects urged by him in his appeal to this court.

Appellant's counsel has failed to call our attention to "other errors manifest from the face of the record" as alleged as a ground of error; nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, BUCKLEY, J, concur in judgment.