JOURNAL ENTRY AND OPINION
Appellees Kathleen Craven and her parents alleged that Yasmine Abdelhag, then a minor, her parents and several unidentified Jane Does and their John Doe parents were liable for Ms. Craven's personal injuries sustained during an altercation at Lakewood High School. Following a bench trial and the entering of a $9,000 verdict against them, appellants Yasmin Abdelhag[1] and her parents ("Abdelhag") challenge the findings and conclusions of Judge William J. Coyne on the basis of insufficient evidence and the quality of evidence. We disagree and affirm.
From the record we glean the following: Ms. Abdelhag, then a fifteen-year-old Lakewood High School sophomore, arrived late for school on March 24, 1995. She entered the school through the cafeteria doors, cutting through on her way to the school office. At that time, the cafeteria was being used by various students for self-directed study and breakfast. She claimed that she stopped momentarily to talk with a group of eight to ten of her friends, including Mervet Abedrabbo, who were sitting at two adjacent tables. Ms. Craven, then eighteen years of age, was sitting with two of her friends at a table located diagonally from that of Ms. Abdelhag. While Ms. Craven knew some of her friends had had "problems" with Ms. Abdelhag, neither young woman contended that each had any animosity toward the other.
At some point, Ms. Abdelhag directed a question to Ms. Craven: "What are you looking at?" She responded by calling Ms. Abdelhag a "bitch" and cursing her. The narratives now differ: Ms. Craven claimed that Ms. Abdelhag walked toward her with eight to ten of her friends gathered around, and Ms. Abdelhag testified that Ms. Craven left her seat first and walked toward her. What is undisputed is that both young women walked toward each other.
Ms. Craven contended that her attention was momentarily diverted by someone behind her; she turned away from Ms. Abdelhag and, at that point, Ms. Abdelhag struck her in the face, breaking her nose. She then said that someone behind her dragged her to the floor and, while someone stood on her arm and chest, others kicked her. A friend broke through the group and grabbed her. They left the cafeteria and went to the school nurse's office where Ms. Craven waited for her mother.
Ms. Abdelhag admitted striking Ms. Craven in the face, but claimed that she had been struck first and acted in self-defense. She testified that after striking Ms. Craven, they both fell to the floor, rolling on top of each other, amidst twenty to thirty other people. Ms. Abdelhag said she went to the principal's office to tell him about the altercation, but he was in a hurry and ignored her; she then left the school. She was later expelled from school.
Ms. Abedrabbo stated Ms. Abdelhag only "pushed" Ms. Craven but, because about thirty people had crowded around, she did not see what happened from that point on. She thought that the fight lasted about one minute. When she heard the bell, she then left the cafeteria and went to class.
Mary Craven testified that when she arrived at the nurse's office, she saw her daughter's clothing was covered with blood, there was a "large knob" on her forehead, her nose was out of its normal position, and she noted various bruising on her arm, chest, and around the right eye. Her daughter was taken to the emergency room at Lakewood Hospital and eventually underwent two surgeries to realign her nose and to attempt to correct damage to her sinuses. She further stated that, as a result of the injury to her face, her daughter suffers from chronic sinus infections and continual pain.
A lawsuit was filed by the Craven family and voluntarily dismissed. It was refiled on March 24, 1997, against Ms. Abdelhag, her parents, three Jane Doe minors and their John Doe parents alleging wilful and malicious assault by the young woman and failure to supervise and failure to warn by the parents. The Lakewood Board of Education was also named as a defendant under the theory that it knew of the assailants' propensities and failed to warn or prevent the assault on Ms. Craven. The Board answered and filed a cross-claim. The Board's unopposed motion for summary judgment, based upon R.C. 2744, was granted on March 17, 1998. The Abdelhags were granted leave to file a late answer but, apparently failed to do so. On the trial date of March 25, 1998, all parties waived the jury demand and it was tried to the bench.
At the conclusion of the testimony, the judge entered his findings of facts and conclusions of law onto the record. He first noted that "the verdict must be reached based on the witnesses that have testified and [the court] is in no position to make any assessment of witnesses who were not called by either party." He provided his reasons for discounting the testimony of Ms. Abedrabbo. He also noted the disparity in size between Ms. Craven and Ms. Abdelhag but found the latter "is fully capable in appearance[;] she looks more than reasonably healthy of throwing a punch and hitting somebody in the nose" In conclusion, he indicated that the "more credible" evidence came from the Cravens and found in their favor, holding the Abdelhags liable for $9,000 in damages for the battery committed by Ms. Abdelhag.
We will address both of the Abdelhags' assignments of error together:
 PLAINTIFFS FAILED TO MEET THE BURDEN OF PROOF NECESSARY TO SUSTAIN THE COURT'S VERDICT AND JUDGMENT IN THEIR FAVOR; THAT IS, THE JUDGMENT OF THE COURT IN FAVOR OF PLAINTIFFS IS NOT SUPPORTED BY EVIDENCE PRESENTED AT THE TRIAL AND SET FORTH IN THE RECORD.
 THE COURT'S DETERMINATION THAT THE "QUALITY" OF THE TESTIMONY PRESENTED BY PLAINTIFFS WAS OF SUPERIOR CREDIBILITY THAN THE TESTIMONY OF DEFENDANTS IS NOT BASED ON ANY EVIDENCE SET FORTH IN THE RECORD.
The Abdelhags' claim that Ms. Craven failed to prove her case by a preponderance of the evidence, arguing that the record shows that she was the initial aggressor and Ms. Abdelhag responded in self-defense. In addition, they assert that the fact that no witnesses were presented to substantiate Ms. Craven's story leads to a presumption that such testimony would have been adverse to her claim of assault and battery. As a result, they assert, the judge should have considered the lack of supporting witnesses adverse to her claim. The Abdelhags also claim that there was nothing to support the judge's conclusion that the testimony presented by Ms. Craven in her case in chief was of higher "quality" or was more credible than that produced by the Abdelhags in their defense.
The Cravens argue that the Abdelhags presented inconsistent testimony from their defense witnesses and, therefore, was incredible. More importantly, however, was that Ms. Abdelhag admitted she hit Ms. Craven in the face, satisfying the essential elements of the claim.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C. E. Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus; Kraft Constr. Co. v.Cuyahoga Cty. Bd. of Commrs. (1998), 128 Ohio App.3d 33, 47,713 N.E.2d 1075. The reviewing court is "guided by a presumption that the findings of the trier-of-fact were indeed correct. The underlying rationale of giving deference to the findings of the trial judge rests with the knowledge that he is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. [Footnote omitted.]"Seasons Coal Co., Inc. v. City of Cleveland (1984). 10 Ohio St.3d 77,79-80, 461 N.E.2d 1273; Kraft Constr.,128 Ohio App.3d at 47.
"A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results." Love v. City of Port Clinton (1988),37 Ohio St.3d 98, 99, 524 N.E.2d 166, citing Restatement of the Law 2d, Torts (1965) 25, Section 13. "Generally, one has a right to defend oneself by force, if that force is not excessive."Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83,93, 590 N.E.2d 411, citing Close v. Cooper (1877), 34 Ohio St. 98. The force used to defend must be objectively necessary and reasonable under the facts and circumstances of the case and in view of the danger apprehended. Martin, supra, citing Pletcher v.Younker (1932), 44 Ohio App. 80, 184 N.E. 404 [184 N.E.2d 404].
We first note that there is no authority for the proposition that the failure to produce witnesses, allegedly present at the time of the commission of the tort, to substantiate the testimony of the complainant results in a legal presumption that the testimony the witnesses would have offered would be adverse to the complainant's claims. We cannot find merit in this argument and therefore disregard it.
Initially, we start with the proposition that the judge's findings of fact are indeed correct. The Abdelhags have not asserted that Ms. Abdelhag was not the cause of Ms. Craven's damages. Rather, their arguments center solely upon the credibility of the witnesses with regard to which of the two was the initial aggressor. As noted above, Ms. Craven admitted calling Ms. Abdelhag names and cursing her but denied striking her. On the other hand, Ms. Abdelhag, although she denied being the initial aggressor, admitted striking Ms. Craven in the face and, while she testified that they both fell to the floor together among a mass of kicking teenagers, she did not show that she had sustained injuries similar to the bruises suffered by Ms. Craven. Ms. Craven's testimony about being held on the floor and kicked was consistent with the bruises on the underside of her right arm and the upper right side of her chest. Additionally, despite testimony that the blood had stained both Ms. Craven's shirt and the trousers of others in the group, Ms. Abdelhag testified her clothing remained clean.
Finally, Ms. Abedrabbo's testimony offered little to support a claim of self defense despite her place at a table within seven feet of the fray allegedly watching the event unfold. In the face of Ms. Abdelhag's admission that she struck Ms. Craven, Ms. Abedrabbo claimed she saw only a "push" though she did not see what happened after the push. Surprisingly, she claimed to have left the cafeteria after the fight broke up and did nothing to aid her friend. Her ability to accurately recall the events that transpired that day was also called into question when she could not remember having been charged with delinquency for her involvement in the fight and was sentenced to a term of probation by the juvenile court.
We conclude that the judge's findings of fact were based upon competent, credible evidence showing that Ms. Abdelhag acted with intent to cause a harmful and offensive contact and did cause such contact with Ms. Craven.
Judgment affirmed.
It is ordered that the appellees recover from the appellants their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ JUDGE ANNE L. KILBANE
 TIMOTHY E. McMONAGLE, P.J. CONCURS; MICHAEL CORRIGAN J.,CONCURS IN JUDGMENT ONLY.
[1] Yasmin testified that the proper spelling of her parents' last name is "Abdelhaq" while she spelled her last name as "Abdelhag." The plural form of "Abdelhaq" will be used in this opinion to collectively refer to defendants.