FRANK HUGHES, PLAINTIFF, FOR ANTHONY HUGHES, HIS SON, MINOR, APPELLANT V. JOSEPH S. CONIGLIO, APPELLEE,

25 N. W. 2d 405

FILED DECEMBER 20, 1946. No. 32107.

*W. B. Bryant,* for appellant.

*Wear, Boland & Nye,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEA-
GER, WENKE and CHAPPELL, JJ., and WILSON, District
Judge.

CHAPPELL, J.

Frank Hughes, as father and next friend, brought this
action for and on behalf of his minor son, Anthony Hughes,
hereinafter called plaintiff, to recover damages for per-
sonal injuries received in defendant's restaurant, while
two other patrons were engaged in a fight. Upon trial to
a jury, the trial court sustained defendant's motion to dis-
miss, and dismissed the action at the conclusion of plain-
tiff's evidence, for insufficiency of the evidence to sustain
a verdict and judgment. Plaintiff's motion for new trial
was overruled and he appealed to this court, assigning as
error the action of the trial court. We find that the assign-
ment cannot be sustained.

Plaintiff's petition alleged substantially that on June
17, 1945, he went to defendant's restaurant as an invitee,
and, just as he entered, a fight started between two other
customers, as a result of which plaintiff was stabbed. He
alleged that defendant was negligent because he and his
employees failed to protect plaintiff at the time the fight
was going on. Defendant's answer denied generally, but
admitted that two customers became involved in a sudden
altercation in his place of business and that in some manner
plaintiff came into close proximity to them and received
a cut. Defendant alleged that he was not present at the
time, knew nothing of the occurrence, and that the alterca-
tion occurred so suddenly and without warning that in-
jury to plaintiff could not be prevented. Plaintiff's reply
was in the nature of a general denial, and pleaded certain
legal conclusions unimportant here.

In the light of the pleadings, plaintiff argues that de-
fendant's answer admitted facts sufficient to take the case
to the jury upon the question of negligence by reason of
the rule that "Where material facts alleged in the petition
stand admitted by the answer, the plaintiff has the right to

have the jury so instructed, and told that such facts must be taken as true." Dunbier v. Day, 12 Neb. 596, 12 N. W. 109.

An examination of defendant's answer discloses that the rule has no application in the manner claimed by plaintiff. The mere admission by defendant that plaintiff was injured in defendant's restaurant does not fix his liability. The mere admission that plaintiff was injured by a sudden an unexpected altercation between two other customers raised no presumption of negligence on the part of the proprietor, since, as hereafter observed, he was not an insurer against such accidents and could be liable for damages resulting therefrom only by reason of negligence on his part. It is apparent at once that defendant did not admit that he was negligent but traversed that issue in his answer.

We turn then to that issue to determine whether plaintiff's evidence failed to establish actionable negligence under applicable rules of law. In so doing, we must observe the rule that "A motion for a directed verdict must, for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and said party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the facts in evidence." Hammond v. Morris, *ante* p. 600, 24 N. W. 2d 633.

With that rule in mind, we will substantially review the undisputed evidence. About 12 p. m. or 1 a. m., plaintiff, with two companions, entered defendant's restaurant, to purchase something to eat. When they entered there were a number of other people in the place, but everything was quiet and peaceful. As plaintiff and his companions were about halfway in and had just arrived at an empty booth, two other male patrons nearby, without warning, suddenly jumped up and began fighting, one cutting at the other with a knife while the other was attempting to draw his knife. Thereupon, one of plaintiff's compan-

ions jumped over a counter, and the other went under a booth, but just as plaintiff also quickly started over the counter, someone pulled or pushed him sprawling between the two fighting patrons into the path of a knife, with which he was stabbed under the left shoulder blade, suffering personal injuries and damages therefrom.

Some female employees of defendant were present at the time, but defendant himself was not present and did not arrive until after plaintiff was injured. There is no evidence that defendant's place of business was one where fights or disorderly conduct had previously occurred or for any reason were liable to occur, from which any inference could be drawn that his patrons were likely to be subjected to danger. There is no evidence that defendant or his employees had any notice or knowledge that the patrons who did the fighting had quarrelsome, violent, or disorderly propensities, or were liable for any reason to assault each other or injure his patrons. It is apparent from the evidence that both the altercation and resulting injury to plaintiff all happened suddenly and unexpectedly, without any warning, and by the exercise of reasonable care could not either have been discovered or prevented by defendant.

While the case at bar seems to be one of first impression in this jurisdiction, it is a general rule that the proprietor of a public place of business, such as a restaurant, is not an insurer of a patron against personal injuries inflicted by other persons on the premises, who are in no manner connected with the business, but is liable therefor only when he is negligent. While the proprietor of such an establishment is bound to exercise reasonable care to prevent personal injuries to his patrons by such persons and the standard of care required in such cases is always the conduct of an ordinarily prudent person, nevertheless the standard of care required is graduated according to the danger attendant upon the activities of the business pursued and depends upon the facts and circumstances sur-

rounding each particular case. See Annotations, 106 A. L. R., p. 1003.

In speaking of the duty of a proprietor to protect his patrons from danger by the conduct of other patrons, it is said in 28 Am. Jur., Innkeepers, § 54, p. 577: "By the great preponderance of authority, this duty is not absolute, but is limited to the exercise of reasonable care, and the proprietor is liable only when he is negligent. * * * He is guilty of negligence if he admits to his place, or permits to remain there, as a guest, a person of known violent and disorderly propensities, who will probably assault or otherwise maltreat his guests; and he may be liable in damages for the consequences of such negligence. * * * Although the standard of care does not change, the degree of care required fluctuates with the facts and circumstances surrounding each particular case." See, also, 28 Am. Jur., Innkeepers, § 55, p. 578; 14 R. C. L., Innkeepers, § 13, p. 508.

The modern general rule, summarized in its simplest terms, is that the proprietor of a place of business who holds it out to the public for entry for his business purposes, is subject to liability to members of the public while upon the premises for such a purpose for bodily harm caused to them by the accidental, negligent, or intentionally harmful acts of third persons, if the proprietor by the exercise of reasonable care could have discovered that such acts were being done or were about to be done, and could have protected the members of the public by controlling the conduct of the third persons or by giving a warning adequate to enable them to avoid harm. Restatement of the Law, Torts, § 348, p. 953.

Plaintiff's evidence clearly does not bring him within any rule of law upon which a finding could reasonably be based that defendant was negligent in any manner which could make him liable to plaintiff. Therefore, we apply the well-known rule that "When the evidence, viewed in the light most favorable to the plaintiff, fails to establish actionable negligence, it is the duty of the trial court to direct

a verdict for the defendant." Davis v. Chicago, B. & Q. R. R. Co., 104 Neb. 345, 177 N. W. 181.

For the reasons heretofore stated, the judgment of the trial court is affirmed.

AFFIRMED.