LEWIS *v.* BENDINELLI.

(No. 53305—Decided July 17, 1970.)

Common Pleas Court of Scioto County.

*Mr. Ralph Mullins* and *Mr. Samuel E. Frowine, Jr.,* for plaintiff.
*Messrs. Miller, Searl & Fitch* and *Mr. Chester P. Fitch,* for defendant.

MARSHALL, J. The defendant demurred to plaintiff's petition on the ground that it does not state a cause of action. Although the matter was formally submitted to the court on July 14th, the demurrer was actually filed prior to the effective date of the Rules of Civil Procedure. It will, therefore, be treated as a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12 B.

Said petition alleges, in substance, that plaintiff was in the bar and restaurant owned and operated by the defendant at about 12:00 o'clock noon on November 30, 1969; that a customer displayed a .22 caliber revolver to

other persons in the premises; that one Elmer Lancaster "picked up the said pistol and in examining it, caused the same to be fired. That the projectile from said firing struck plaintiff in the leg causing the injuries to this plaintiff hereinafter set forth. That the barmaid employed by the defendant was present during the display and subsequent firing of said pistol did, should, or could have seen the gun and neglected to order said pistol to be removed from the business establishment. That by reason of the aforesaid negligence of the barmaid employed by the defendant, plaintiff was shot. * * *"

The defendant contends that this does not state a claim against him. The rule of liability applicable here is stated by the Court of Appeals in *Cunningham* v. *Marable*, 48 Ohio Law Abs. 614, paragraph three of the syllabus:

"A possessor of land who holds it out to the public for entry for his business purposes is subject to liability to members of the public while upon the land for such a purpose for bodily harm caused to them by the accidental, negligent or intentionally harmful acts of third persons if the possessor by the exercise of reasonable care could have (a) discovered that such acts were being done or were about to be done, and (b) protected the members of the public by [i] controlling the conduct of third persons, or [ii] giving a warning adequate to enable them to avoid the harm."

The court further said, "Foresight, not retrospect, is the standard of diligence. There is no duty to guard when there is no danger reasonably to be apprehended, and certainly no duty to guard against remote and doubtful dangers. The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension." (pp. 618 and 619.) The court further points out that even in the event such negligence exists, no liability can be predicated thereon unless it is the proximate cause of plaintiff's injury. In that case (which was dismissed by the Supreme Court on appeal, 148 Ohio St. 276), the court upheld a directed verdict against the plaintiff who claimed that he

was injured while occupying a tourist apartment rented from the defendant when gas fumes emitted from a car operated by another tenant occupying the adjoining apartment penetrated the walls.

The Seventh District Court of Appeals in *Polando* v. *Vizzini*, 58 Ohio Law Abs. 466, also upheld a directed verdict for the defendant, wherein the plaintiff, a customer of defendant's bar, was shot by another customer who was in the process of being forcibly ejected from the premises by defendant's bartender. The court stated on page 469, "Viewing the evidence in its entirety we believe it supports our conclusions that such shooting of plaintiff by the ejected patron was an act not intended by defendant's bartender, nor one he could have reasonably foreseen, nor was bound to anticipate, and for which neither the defendant, nor his manager, were legally responsible."

Similar results were also arrived at in the cases of *Thornton* v. *Goldfarb*, 67 Ohio Law Abs. 232; *Popovich* v. *Pechkurow*, 76 Ohio Law Abs. 200, and *Hughes* v. *Coniglio*, 147 Neb. 829, 25 N. W. 2d 405.

We must conclude that the defendant's barmaid could not reasonably have foreseen any danger to the plaintiff from the mere examination of the .22 caliber pistol by customers in the establishment, nor is there any showing that she had the authority or right to order its owner to remove the same from the premises. The petition contains no allegation that the gun was being brandished improperly, or that its exhibition was induced by excessive use of intoxicating beverages. It is inconceivable that the fact that the barmaid did not request the owner to remove the gun from the premises was the proximate cause of plaintiff's being shot.

Defendant's motion to dismiss is sustained.