GARY DURAND, APPELLANT, V. WESTERN SURETY COMPANY,
APPELLEE.
514 N.W.2d 840

Filed April 15, 1994.   No. S-92-1028.

John P. Grant and Mary T. Boland Steier, of Cannon, Goodman, O'Brien & Grant, P.C., for appellant.

Joseph C. Byam, of Byam & Byam, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

BOSLAUGH, J.

This is an action by the plaintiff, Gary Durand, against the defendant, Western Surety Company, to recover damages under a motor vehicle dealer's bond furnished by the defendant for Daisy Motors, Inc. The trial court sustained the defendant's demurrer to the plaintiff's amended petition on the ground that the petition did not state facts sufficient to constitute a cause of action. The trial court further found that the plaintiff's petition could not be remedied by further amendment and dismissed the plaintiff's cause of action.

The plaintiff has appealed and assigns as error the trial court's (1) sustaining the defendant's demurrer and (2) dismissing the plaintiff's petition without granting the plaintiff leave to amend.

The plaintiff was employed at Daisy Motors, a used-car dealership in Omaha, Nebraska. On February 14, 1989, the plaintiff suffered total and permanent loss of vision in his right eye as a result of an injury received in the course of his employment with Daisy Motors. Because his employer did not have workers' compensation insurance, the plaintiff filed a civil action against his employer and obtained a judgment in the amount of $65,000 on October 2, 1991.

At the time of the plaintiff's injury, Daisy Motors was licensed as a used-car dealer by the State of Nebraska and was required by Neb. Rev. Stat. § 60-1419 (Reissue 1988) to have a motor vehicle dealer's bond in the amount of $25,000. The defendant furnished the statutory bond for Daisy Motors at the time of the plaintiff's injury.

In addition to the above-stated facts, the plaintiff also alleged that his injury was a result of Daisy Motors' failure to provide proper tools at its established place of business. The plaintiff further alleged that his injuries and the damages awarded him in his judgment against Daisy Motors are covered by the dealer's bond issued by the defendant.

In its order sustaining the defendant's demurrer, the trial court found that the plaintiff's personal injury claim arising out of his accident of February 14, 1989, while employed by Daisy Motors, is not covered by the motor vehicle dealer's bond provided for Daisy Motors by the defendant and that Daisy Motors' failure to carry workers' compensation insurance was not a violation of its license.

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of facts well pled and the factual and legal inferences which may be reasonably deduced from such facts, but does not accept conclusions of the pleader. *LaPan v. Myers*, 241 Neb. 790, 491 N.W.2d 46 (1992).

The conditions of the motor vehicle dealer's bond provided by the defendant were set forth in § 60-1419. It stated in pertinent part:

> The bond shall provide (1) that the applicant will faithfully perform all the terms and conditions of such license . . . and (3) that the motor vehicle, motorcycle, motor vehicle auction, or trailer dealer or wholesaler shall well, truly, and faithfully comply with all the provisions of his or her license and the acts of the Legislature relating thereto.

The plaintiff maintains that he stated a violation by Daisy Motors of two provisions of its motor vehicle dealer's license. He first argues that Daisy Motors did not comply with the licensing requirement in Neb. Rev. Stat. § 60-1401.02(25)(c) (Reissue 1988), which stated in relevant part that a dealer must provide

> adequate repair facilities and tools to properly and actually service warranties on motor vehicles, motorcycles, or trailers sold at such place of business and to make other repairs arising out of the conduct of the licensee's business, or in lieu of such repair facilities the licensee may enter into a contract for the provision of such service and file a copy thereof annually with the board and shall furnish to each buyer a written statement as to where such service will be provided as required by section 60-1417.

According to the plaintiff, his amended petition states a cause of action under the motor vehicle dealer's bond because he alleged injury to his eye due to a breach by Daisy Motors of the licensing requirement to provide adequate tools.

When asked to interpret a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. In construing a statute, a court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose. *Sarpy County v. City of Springfield*, 241 Neb. 978, 492 N.W.2d 566 (1992).

The section of the motor vehicle dealer's licensing statute requiring the dealer to provide adequate repair facilities and tools has nothing to do with providing safe tools for the dealer's

employees. It is clear from the statute that a motor vehicle dealer in Nebraska cannot just sell motor vehicles. The dealer must also be able to repair the vehicles and service any warranties on the vehicles. The terms of the dealer's license do not require the dealer to provide safe tools for the dealer's employees.

The plain intention of the statute is to ensure that the dealer provides adequate repair facilities for its customers who purchase motor vehicles. If a customer suffers a loss resulting from the dealer's failure to provide adequate repair facilities and tools, he or she would be covered under the bond; however, the bond is not liability insurance for an employee who suffers an injury because of a dealer's lack of adequate tools.

In this case, the plaintiff's assertion that he stated a cause of action under the statutory bond for Daisy Motors' failure to provide adequate tools is without merit. The trial court correctly concluded that the bond does not cover the injury suffered by the plaintiff.

Next, the plaintiff contends that his amended petition stated a cause of action under the motor vehicle dealer's bond by alleging Daisy Motors violated the terms and conditions of its license in failing to comply with the Nebraska Workers' Compensation Act.

Effective September 6, 1991, Neb. Rev. Stat. § 60-1407.01(3) (Cum. Supp. 1990) was amended to provide that a dealer at the time a license is issued or renewed must present evidence of compliance with the insurance requirements of the Nebraska Workers' Compensation Act. See § 60-1407.01(3) (Cum. Supp. 1992). Prior to September 6, 1991, there was no such requirement.

The plaintiff argues that Daisy Motors' failure to carry workers' compensation insurance on February 14, 1989, was a violation of its motor vehicle dealer's license because the Legislature's amendment to § 60-1407.01(3) shows an intention by the Legislature that motor vehicle dealers carry workers' compensation insurance. However, on the date of the plaintiff's injury, Daisy Motors was not required by the terms of its motor vehicle dealer's license to show proof of workers' compensation insurance. Accordingly, Daisy Motor's failure to have workers'

compensation insurance on February 14, 1989, was not a violation of its license, and the plaintiff's petition did not state a cause of action for this reason.

Finally, the plaintiff claims the trial court erred in not allowing him to amend his petition again after sustaining the defendant's demurrer.

When a demurrer to a petition is sustained, a court must grant the plaintiff leave to amend the petition unless it is clear that no reasonable possibility exists that repleading will correct the defective petition. *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993).

The plaintiff's personal injury claim arising out of his employment is not covered by Daisy Motors' motor vehicle dealer's bond, and Daisy Motors' failure to carry workers' compensation insurance at the time of the plaintiff's injury was not a violation of its motor vehicle dealer's license. It is clear from these facts that no reasonable possibility exists that repleading would enable the plaintiff to state a cause of action against the defendant. The trial court did not abuse its discretion in dismissing the plaintiff's petition without leave to amend.

The judgment of the trial court is affirmed.

AFFIRMED.

WHITE, J., dissenting.

The opinion of the majority concludes that appellant failed to state sufficient facts to support a cause of action and that there is no reasonable possibility that appellant could amend his petition to correct the deficiency. I disagree and dissent.

In his petition, appellant contends that he is entitled to recover on the bond provided by appellee. Appellant alleges that liability on the bond arises from the fact that the dealer, Daisy Motors, Inc., failed to satisfy "all the provisions of [its] license and the acts of the Legislature relating thereto." Neb. Rev. Stat. § 60-1419(3) (Reissue 1988). Specifically, appellant argues that Daisy Motors failed to secure workers' compensation insurance and failed to provide proper tools for the repair of vehicles on the dealer's premises. As to the allegation regarding proper tools, I agree with the majority's conclusion. However, I disagree with the majority's conclusion

regarding workers' compensation because I find that appellant may be able to correct the deficiency.

The language of § 60-1419(3) is not so narrow as to necessarily exclude from coverage by the bond the requirements which other laws place on dealers. According to the language of § 60-1419(3), if a dealer violates his particular license, the dealer has violated the provisions of the bond. Additionally, if the dealer violates other legislative acts related to licensing, the dealer has violated the provisions of the bond. Appellant may be able to amend his petition to state facts sufficient to support a cause of action related to the workers' compensation laws if appellant can demonstrate that the workers' compensation laws are related to the dealer's licensing requirements.

I recognize that at the time appellant was injured, the motor vehicle industry licensing act itself did not require that a dealer comply with the workers' compensation laws. However, the act may not be the only evidence that compliance with the workers' compensation laws is related to a dealer's license. For example, the motor vehicle industry licensing act provides for the formation of a Nebraska Motor Vehicle Industry Licensing Board. The act further provides that the board make rules and regulations related to the implementation of the act and that the board regulate the issuance and revocation of licenses. Neb. Rev. Stat. §§ 60-1402, 60-1403, and 60-1415 (Reissue 1988). The record does not include any of the rules and regulations adopted and implemented by the board, and thus I hesitate to eliminate the possibility that such rules have made compliance with other laws, such as the workers' compensation laws, a condition of attaining or retaining a dealer's license.

Because I find that there is a reasonable possibility that appellant may be able to correct the deficiency in his petition, I respectfully disagree with the holding of the majority's opinion. I would reverse the decision of the district court and direct the district court to grant appellant leave to amend his petition.

LANPHIER, J., joins in this dissent.