VOWERS AND SONS, INC., A NEBRASKA CORPORATION, APPELLANT, V. JERRY STRASHEIM, APPELLEE.

538 N.W.2d 756

Filed October 27, 1995.   No. S-94-144.

Richard A. Douglas, of Nichols, Douglas, Kelly and Meade, P.C., for appellant.

Robert G. Simmons, Jr., of Simmons, Olsen, Ediger & Selzer, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Vowers and Sons, Inc., a Nebraska corporation, appeals from an order entered by the district court for Kimball County sustaining the demurrer of Jerry Strasheim, appellee, and dismissing appellant's second amended petition for breach of a real estate purchase agreement. We find that the second amended petition and attached exhibits plead a cause of action and that there was no defect in party plaintiff or party defendant. Thus, we conclude the district court erred in dismissing appellant's second amended petition and order that it be reinstated. We therefore reverse, and remand for further proceedings consistent with this opinion.

## ASSIGNMENTS OF ERROR

Appellant assigns three errors: (1) The district court erred in finding a defect in party plaintiff, (2) the district court erred in finding a defect in party defendant, and (3) the district court erred in finding that the second amended petition does not state

facts constituting a cause of action.

## STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom but does not accept as true the conclusions of the pleader. *Proctor v. Minnesota Mut. Fire & Cas., ante* p. 289, 534 N.W.2d 326 (1995); *S.I. v. Cutler*, 246 Neb. 739, 523 N.W.2d 242 (1994). In reviewing a ruling on a general demurrer, an appellate court cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Proctor v. Minnesota Mut. Fire & Cas., supra*; *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994). An order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Gallion v. Woytassek*, 244 Neb. 15, 504 N.W.2d 76 (1993).

## BACKGROUND

For purposes of reviewing the sustaining of a demurrer, we take the following facts set forth by appellant in its second amended petition and attached exhibits as true:

On May 19, 1992, a contract for the purchase of certain real estate in Kimball County, Nebraska, was entered into by Merle M. Vowers as seller and Jerry Strasheim as buyer for the agreed consideration of $320,000. Appellant was the owner of the real estate. The contract is on a form which is mostly printed and partly typed. At the bottom of the form, on a line marked "Buyer," are three typed names: August Iacono, Charles Delaplain, and Jerry Strasheim. Of these, only the latter, appellee, signed the contract. The terms of the contract stated, "The undersigned, as Buyer, whether one or more, agree to purchase the following property[.]"

Vowers is the president of appellant. Vowers' signature appears on a line in the contract marked "Seller." Appellant's name does not appear in the contract, and there is no indication that Vowers signed as a corporate officer.

Appellant's second amended petition filed on September 29, 1993, alleges inter alia that appellee intended to be bound by

the agreement; that appellee executed and delivered the purchase agreement, agreeing to accept conveyance of the property by corporate warranty deed, knowing at all times that appellant was the grantor of the corporate warranty deed; that on October 29, 1992, Vowers assigned to appellant any and all rights Vowers may have under the purchase agreement; and that at all times appellant was able and ready to convey the property and requested that appellee close the same.

Appellant claims appellee breached the real estate purchase contract by failing to close, and to perform his obligation under, the contract. As a result, appellant seeks judgment against appellee for general damages, $50,000 in loss of bargain damages, consequential damages as determined by the court, and the costs of this action.

Appellee demurred to appellant's second amended petition, alleging a defect in party plaintiff, a defect in party defendant, and a petition that did not state facts sufficient to constitute a cause of action. The district court sustained appellee's demurrer and dismissed appellant's action. The court found: (1) A defect in party defendant exists in that the purchase agreement is unsigned by parties thereto other than the named appellee and is, under the circumstances as disclosed by the pleadings, unenforceable against appellee; (2) a defect in party plaintiff exists in that the purchase agreement was not signed by any officer of appellant in the officer's corporate capacity; and (3) the petition does not state facts constituting a cause of action.

## ANALYSIS

### Whether Defect in Party Defendant Exists

Appellant first contends the district court erred in finding a defect in party defendant exists due to the fact that the purchase agreement was unsigned by parties, other than appellee, who were named as buyers in the purchase agreement.

In *Utilities Ins. Co. v. Stuart*, 134 Neb. 413, 278 N.W. 827 (1938), this court held that a party who signed and delivered a contract was bound by the obligations, though the contract was not executed by all the parties for whose signatures it had been prepared, where there was no showing on his part of an *intention* not to be bound thereby until signed by others, and no

express *agreement* to that effect was shown.

In that case, Utilities Insurance Company entered into a contract with Stuart and Kimball. Stuart signed the contract, but Kimball did not. Utilities sued Stuart for breach of contract. Stuart argued that he was not bound by the contract because the contract was not signed by Kimball. The court rejected Stuart's argument, finding that Stuart was liable on the contract. The court reasoned:

> While the defendant Kimball was named as party to the contract and it was prepared for his signature, there was no testimony or contention made that it was signed by Stuart on condition that it was not to become a binding obligation as to him or delivered until signed by Kimball. . . . Consequently, the defendant Stuart, having executed and delivered the contract, or permitted it to be delivered, is bound by the obligation therein assumed, although the contract was never signed by Kimball.

*Id*. at 418, 278 N.W. at 830.

Thus, the question as to whether or not appellee is bound by his signature must be determined by what the parties understood, intended, and agreed upon at the time the contract was executed. See *Utilities Ins. Co. v. Stuart, supra*. See, also, 17 C.J.S. *Contracts* § 62 (1963).

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom. *Proctor v. Minnesota Mut. Fire & Cas., ante* p. 289, 534 N.W.2d 326 (1995); *S.I. v. Cutler*, 246 Neb. 739, 523 N.W.2d 242 (1994). The second amended petition alleges that appellee intended to be bound at the time he executed and delivered the purchase agreement. Therefore, given the facts as pled and the inferences which may reasonably be drawn from them, we find that it was error for the district court to rule that a defect in party defendant exists.

### WHETHER DEFECT IN PARTY PLAINTIFF EXISTS

Appellant next argues the district court erred in finding that a defect in party plaintiff exists due to the fact that the purchase agreement was not signed by any officer of appellant in a

corporate capacity.

Vowers signed the contract, but there is no indication he signed as a corporate officer, and appellant's name does not appear in the contract. At the time the contract was executed, Vowers did not individually own the property. However, there exists no requirement that at the time of execution a party be the legal owner of the property he contracts to sell. Thus, when Vowers signed his name to the agreement, he acquired the right to enforce, and became personally liable under, the terms of the agreement.

An assignment is a transfer vesting in the assignee all the assignor's rights in property which is the subject of the assignment. *Ehlers v. Perry*, 242 Neb. 208, 494 N.W.2d 325 (1993); *Craig v. Farmers Mut. Ins. Co.*, 239 Neb. 271, 476 N.W.2d 529 (1991). An assignee stands in the shoes of the assignor and is bound by the terms of the contract to the same extent as the assignor. *Mid–America Appliance Corp. v. Federated Finance Co.*, 172 Neb. 270, 109 N.W.2d 381 (1961). The assignee of a thing in action may maintain an action thereon in his own name and behalf, without the name of the assignor. Neb. Rev. Stat. § 25–302 (Reissue 1989). See, also, *Archer v. Musick*, 147 Neb. 1018, 25 N.W.2d 908 (1947).

In the instant case, appellant attached an assignment executed on October 29, 1992, to its second amended petition filed on September 29, 1993, that stated Vowers assigned to it any and all rights he had under the purchase agreement. In its second amended petition, appellant alleged that the contract was executed and assigned to it for valuable consideration, that at all times appellant was able and ready to convey the property, and that appellee failed to perform his obligation under the terms of the contract. Thus, given the facts as pled and the attached exhibits and the inferences which may reasonably be drawn therefrom, we find that appellant was a proper party plaintiff and that it was error for the district court to rule that a defect in party plaintiff exists.

### Whether Petition States Facts Which
### Constitute Cause of Action

Finally, appellant contends that the district court erred in

finding that the petition does not state facts constituting a cause of action. In order to recover on an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with the conditions precedent which activate the defendant's duty. *Production Credit Assn. v. Eldin Haussermann Farms*, 247 Neb. 538, 529 N.W.2d 26 (1995); *Gibb v. Citicorp Mortgage, Inc.*, 246 Neb. 355, 518 N.W.2d 910 (1994). A demurrer reaches an exhibit filed with the petition and made a part thereof, so that a court can consider such exhibit in determining whether the petition states a cause of action. *Horton v. Ford Life Ins. Co.*, 246 Neb. 171, 518 N.W.2d 88 (1994). In ruling on a demurrer, the petition is to be liberally construed; if as so construed the petition states a cause of action, the demurrer is to be overruled. *Proctor v. Minnesota Mut. Fire & Cas., ante* p. 289, 534 N.W.2d 326 (1995); *S.I. v. Cutler*, 246 Neb. 739, 523 N.W.2d 242 (1994).

In its second amended petition, appellant alleged that a promise existed in that appellee agreed to purchase the real estate for $320,000; a breach of contract existed in that appellee failed and refused to close the purchase agreement and to perform his obligation under the terms of the agreement; and general damages, loss of bargain damages, and consequential damages resulted from appellee's actions.

As for conditions precedent, the purchase agreement provides generally that the sale is conditional upon appellant having marketable title in fee simple. Neb. Rev. Stat. § 25–836 (Reissue 1989) states, "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part . . . ."

While appellant does not plead specifically that it had marketable title in fee simple, appellant does allege it was able and ready to convey the property at all times. Liberally construed, appellant's second amended petition alleges compliance with the condition precedent on its part. As a result, the district court erred in finding appellant's second amended petition did not state facts constituting a cause of action.

## CONCLUSION

Because we find that there were no defects in party plaintiff or party defendant and that the second amended petition states a cause of action, we conclude the district court erred in dismissing appellant's second amended petition, and thus, we order that it be reinstated.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.