VOWERS AND SONS, INC., A NEBRASKA CORPORATION, APPELLANT AND CROSS-APPELLEE, V. JERRY STRASHEIM, APPELLEE AND CROSS-APPELLANT.

576 N.W. 2d 817

Filed April 23, 1998.   No. S-96-1154.

Jerald L. Ostdiek, of Nichols, Douglas, Kelly, and Meade, P.C., for appellant.

Robert G. Simmons, Jr., of Simmons, Olsen, Ediger, Selzer, Ferguson & Carney, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

STEPHAN, J.

In this action, Vowers and Sons, Inc. (Vowers & Sons), alleges that Jerry Strasheim breached a contract to purchase real estate. We previously reversed an order sustaining Strasheim's demurrer and dismissing the case and remanded the cause to the district court for Kimball County for further proceedings. *Vowers & Sons, Inc. v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995). Following remand, the district court entered summary judgment in favor of Strasheim, based upon a finding that Vowers & Sons made a binding election of remedies when it brought a professional negligence action against the real estate agent who had prepared the purchase agreement and accepted the benefit of a settlement of that action. Vowers & Sons appeals this order, as well as the denial of its motion for summary judgment. We conclude that the doctrine of election of remedies is inapplicable to claims asserted against different parties and that genuine issues of material fact preclude summary judgment for either party. We, therefore, reverse, and remand to the district court for further proceedings.

## BACKGROUND

In May 1992, Strasheim signed an agreement to purchase certain real estate in Kimball County owned by Vowers & Sons. The agreement identified two additional buyers, but they did not sign the document. Merle Vowers, president of Vowers & Sons, signed the purchase agreement in his own name without naming the corporation or indicating his capacity as a corporate officer. *Id.* When closing did not occur, Vowers & Sons filed this action against Strasheim, alleging breach of the purchase agreement and requesting general damages, loss of bargain damages of $50,000, consequential damages, and costs. *Id.* The district court sustained Strasheim's demurrer on the grounds that there

were defects of parties and a failure to state facts constituting a cause of action. Vowers & Sons appealed, and we reversed the order and remanded the cause to the district court for further proceedings. *Id.*

In March 1994, prior to our decision in *Vowers & Sons, Inc.*, Vowers & Sons filed an action in the district court for Kimball County against Sheila Newell, doing business as Newell Realty and Auction. Vowers & Sons alleged that Newell, acting as its agent in the transaction with Strasheim, was negligent in failing to obtain the signatures of· the other two purported buyers, failing to require Vowers to sign the agreement in his capacity as a corporate officer of Vowers & Sons, and in "not prepar[ing] and arrang[ing] a purchase agreement which is enforceable." Vowers & Sons further alleged that "[e]ntirely because of [Newell's] negligence and lack of skill in drafting and preparation of said purchase agreement, said purchase agreement has been held unenforceable." Vowers & Sons prayed for loss of bargain damages in the amount of $50,000, general and consequential damages in unspecified amounts, and costs and attorney fees. In an amended petition, the prayer for loss of bargain damages was increased to $95,775.30. Newell subsequently paid an unspecified amount to Vowers & Sons to settle the claim, and the action against Newell was dismissed with prejudice pursuant to a stipulation of the parties.

Following issuance of the mandate in *Vowers & Sons, Inc.*, Strasheim filed an answer to the second amended petition in which he alleged that by commencing the action against Newell and receiving the benefit of the settlement, Vowers & Sons had made an election of remedies and was "barred and estopped from requesting a double recovery and proceeding further herein." Strasheim prayed for dismissal of the action and attorney fees and expenses pursuant to Neb. Rev. Stat. §§ 25-824 to 25-824.03 (Reissue 1995).

Both parties filed motions for summary judgment. On October 17, 1996, the district court denied Vowers & Sons' motion and entered summary judgment in favor of Strasheim. The court determined that Vowers & Sons elected to pursue a remedy against Newell which was inconsistent with its claim against Strasheim in that the claim against Newell alleged that

the purchase agreement with Strasheim was unenforceable, whereas the claim against Strasheim was an attempt to enforce the agreement. Concluding that Vowers & Sons "pursued one remedy and received benefit thereby and is not entitled to another recovery," the district court dismissed the action but did not award attorney fees to Strasheim.

Vowers & Sons appeals the order of the district court denying its motion for summary judgment and granting Strasheim's motion for summary judgment. Strasheim cross-appeals, claiming that he was entitled to recovery of attorney fees because the claim against him was frivolous.

## ASSIGNMENTS OF ERROR

Vowers & Sons contends that the district court erred in sustaining Strasheim's motion for summary judgment and overruling its motion for summary judgment. Strasheim cross-appeals, contending that the district court erred in failing to award attorney fees.

## STANDARD OF REVIEW

In reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Brown v. Wilson*, 252 Neb. 782, 567 N.W.2d 124 (1997); *Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100 (1997); *Moore v. Eggers Consulting Co.*, 252 Neb. 396, 562 N.W.2d 534 (1997).

## ANALYSIS

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Chelberg v. Guitars & Cadillacs*, 253 Neb. 830, 572 N.W.2d 356 (1998); *Miller v. City of Omaha*, 253 Neb. 798, 573 N.W.2d 121 (1998); *Ratigan v. K.D.L., Inc.*, 253 Neb. 640, 573 N.W.2d 739 (1998). Although the denial of a motion for summary judgment, standing alone, is not a final, appealable order,

when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as it deems just. *American Family Ins. Group v. Hemenway, ante* p. 134, 575 N.W.2d 143 (1998); *Elliott v. First Security Bank*, 249 Neb. 597, 544 N.W.2d 823 (1996). Thus, we have jurisdiction to review the judgment of the district court in its entirety.

### STRASHEIM'S MOTION FOR SUMMARY JUDGMENT

The district court held that Vowers & Sons' acceptance of benefits under its settlement with Newell barred its claim against Strasheim as a matter of law under the doctrine of election of remedies. In general, election of remedies may be applied to require a party to choose between inconsistent remedies for redress of a single injury. It originated as a means to prevent double recovery and to limit potential harassment of defendants. *Porter v. Smith*, 240 Neb. 928, 486 N.W.2d 846 (1992). We have characterized the doctrine as a "somewhat vague notion lying somewhere between the areas occupied by the doctrines of equitable estoppel and res judicata." *Bryant Heating v. United States Nat. Bank*, 216 Neb. 107, 112, 342 N.W.2d 191, 194-95 (1983). It is considered a harsh rule which should not be applied in an oppressive manner. *Id.*

Election of remedies may be employed to require a party to choose between inconsistent remedies asserted in the same action. *Southwest Trinity Constr. v. St. Paul Fire & Marine*, 243 Neb. 55, 497 N.W.2d 366 (1993). The doctrine has also been applied to prevent a plaintiff who has been unsuccessful in suing a defendant on one theory from bringing a second action against the defendant on an inconsistent theory of recovery. *State ex rel. Schaub v. City of Scottsbluff*, 169 Neb. 525, 100 N.W.2d 202 (1960); *James v. Hogan*, 154 Neb. 306, 47 N.W.2d 847 (1951); *Turner v. Grimes*, 75 Neb. 412, 106 N.W. 465 (1906). Election of remedies can be applied to bar a claim only if there are two coexisting remedies which are so inconsistent that a party cannot logically choose one without renouncing the

other. *Bryant Heating v. United States Nat. Bank, supra*; *Asher v. Coca Cola Bottling Co.*, 172 Neb. 855, 112 N.W.2d 252 (1961); *State v. Bank of Commerce*, 61 Neb. 22, 84 N.W. 406 (1900). For example, we stated in *Tobin v. Flynn & Larsen Implement Co.*, 220 Neb. 259, 260-61, 369 N.W.2d 96, 98 (1985):

> [A] party cannot proceed on a theory of recovery which is premised upon the existence of a contract and at the same time proceed alternatively on a theory which is premised on the lack of a contract. Consequently, one who has been induced to enter into an agreement by virtue of a material misrepresentation, that is to say, by virtue of fraud, may either affirm the agreement and sue for damages or disaffirm the agreement and sue to be reinstated to his or her position as it existed before entry into the contract. [Citation omitted.] *This is so because one remedy, damages, depends upon the existence of a contract, and the other, rescission, depends upon the concept that because of the fraud no contract came into existence.*

(Emphasis supplied.) See, also, *James v. Hogan, supra*; *Rasmussen v. Hungerford Potato Growers Ass'n*, 111 Neb. 58, 195 N.W. 469 (1923).

We agree that the remedy which Vowers & Sons seeks in this action is inconsistent with that which it asserted against Newell. Here, Vowers & Sons alleged that Strasheim breached a contract to purchase real estate, and prayed for loss of bargain damages, general damages, and consequential damages. In its action against Newell, Vowers & Sons sought to recover the same elements of damage based upon allegations that Newell's negligence in preparing the purported contract rendered it unenforceable. Vowers & Sons' claim against Strasheim is based upon an alleged breach of an enforceable contract, whereas its professional negligence claim against Newell depended upon proof that the same contract was unenforceable. Thus, the two remedies are inconsistent because Vowers & Sons could not logically prove one without disproving the other.

However, Vowers & Sons argues that the doctrine of election of remedies is inapplicable in this case because its claims were made against different parties. Our law on this point is unclear.

For instance, in 1902, without explicitly deciding whether the election of remedies doctrine applies when claims are made against different parties, this court held that a plaintiff was barred from asserting a remedy against a defendant when the plaintiff had prosecuted an action to judgment against a different defendant, requesting a different remedy. *Jones v. First Nat. Bank of Lincoln*, 3 Neb. (Unoff.) 73, 90 N.W. 912 (1902). However, in *Carson v. Greeley*, 107 Neb. 609, 187 N.W. 47 (1922), we held that no binding election had occurred for various reasons, including the fact that the two lawsuits were brought against different parties. Without referring to *Carson* or *Jones*, we stated in *Henley v. Live Stock Nat. Bank*, 127 Neb. 857, 863, 257 N.W. 244, 247 (1934), that the doctrine of election of remedies "may be applicable as well where the remedies are against different persons as where they are against the same person." Our decisions since *Henley* have not addressed this issue but have applied election of remedies only where inconsistent claims were made against the same party. *Farmers State Bank v. Germer*, 231 Neb. 572, 437 N.W.2d 463 (1989); *State ex rel. Schaub v. City of Scottsbluff*, 169 Neb. 525, 100 N.W.2d 202 (1960); *James v. Hogan*, 154 Neb. 306, 47 N.W.2d 847 (1951). Since a primary purpose of election of remedies is to protect defendants from multiple claims for redress of the same injury, we find merit in the argument that the doctrine is inapplicable to claims against different parties. Therefore, we hold that the doctrine of election of remedies is applicable only where inconsistent remedies are asserted against the same party or persons in privity with such a party. Language to the contrary in *Henley v. Live Stock Nat. Bank, supra,* and *Jones v. First Nat. Bank of Lincoln, supra,* is specifically disapproved.

Inconsistent claims against different parties may be barred by the doctrine of judicial estoppel, which we adopted in *Melcher v. Bank of Madison*, 248 Neb. 793, 539 N.W.2d 837 (1995). There, we stated:

> The doctrine of judicial estoppel holds that one who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding. [Citations omitted.] The doctrine protects the integrity of the judicial pro-

cess by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. [Citation omitted.] It has been said that unlike equitable estoppel, judicial estoppel may be applied even if detrimental reliance or privity does not exist. [Citation omitted.] However, the doctrine is to be applied with caution so as to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement. [Citation omitted.] Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent results exists.

*Id.* at 798, 539 N.W.2d at 842.

The applicability of judicial estoppel in this case depends upon whether Vowers & Sons "successfully and unequivocally" asserted its professional negligence claim against Newell. In *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595 (6th Cir. 1982), a case we relied upon in *Melcher* in adopting the doctrine of judicial estoppel, the court held that a settlement of a service-connected disability claim against the Veteran's Administration did not constitute a successful assertion of that claim so as to bar a subsequent claim against a private disability insurer whose policy excluded service-connected disabilities. The court reasoned that the "requirement that the position be successfully asserted means that the party must have been successful in getting the first court to accept the position," and that in the absence of such acceptance, the doctrine of judicial estoppel did not apply. 690 F.2d at 599. The court noted that "judicial acceptance" requires not that a party prevail on the merits, but "only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *Id.* at 599 n.5.

The record in the present case reflects that the action against Newell was dismissed with prejudice after the parties negotiated a settlement. There is no indication of any judicial acceptance of the claim that Newell was negligent as alleged by Vowers & Sons or that the court made any adjudication on the merits of such claim. Cf. *Sawyer v. State Surety Co.*, 251 Neb.

440, 558 N.W.2d 43 (1997). Thus, based upon the record before us, the prosecution and settlement of Vowers & Sons' suit against Newell do not operate as a bar to this action under the doctrine of judicial estoppel.

Strasheim contends that even if the district court erred in granting summary judgment on his election of remedies defense, he was entitled to summary judgment on the basis of a title insurance commitment which showed various liens against the property which was the subject of the sale, and his affidavit stating the date when he received the title insurance commitment and his intentions regarding the transaction. We do not consider the content of the affidavit because it is undated, unsworn, and unsigned and therefore does not comply with Neb. Rev. Stat. § 25-1334 (Reissue 1995). While the title insurance commitment showing an effective date of July 1, 1992, reflects significant liens against the property, Vowers' affidavit states that Vowers & Sons was "able and ready to convey said property" under the purchase agreement. Although it lacks specificity, this statement, when viewed in a light most favorable to Vowers & Sons, is sufficient to establish a genuine issue of material fact which precludes summary judgment in favor of Strasheim.

While we hold that Vowers & Sons is not barred as a matter of law from pursuing this action against Strasheim by virtue of its settlement with Newell, we note that the two claims appear to seek redress for the same injury. The measure of the seller's damages for breach of a contract to purchase real estate is the difference between the contract price and the fair market value of the property at the time of the breach. *Hahn v. International Management Services, Inc.*, 207 Neb. 229, 298 N.W.2d 140 (1980). This is also the measure of damages in an action by a property owner against a real estate agent alleging negligence in failing to prepare an enforceable purchase agreement, since the injury consists of the loss of the benefit of the sale which would otherwise have been realized but for the fact that the purchaser was not obligated to complete the purchase. *Tetherow v. Wolfe*, 223 Neb. 631, 392 N.W.2d 374 (1986).

Our determination that this action against Strasheim may proceed does not mean that Vowers & Sons would be entitled to

recover damages for the same injury twice. In a breach of contract case, the ultimate objective of a damages award is to put the injured party in the same position he would have occupied if the contract had been performed, that is, to make the injured party whole. *Larsen v. First Bank*, 245 Neb. 950, 515 N.W.2d 804 (1994); *Ed Miller & Sons, Inc. v. Earl*, 243 Neb. 708, 502 N.W.2d 444 (1993). As a general rule, a party may not have double recovery for a single injury, or be made "more than whole" by compensation which exceeds the actual damages sustained. 25 C.J.S. *Damages* § 3 at 628 (1966). See, e.g., *Albee v. Maverick Media, Inc.*, 239 Neb. 60, 474 N.W.2d 238 (1991) (setoff for amount paid by third party necessary in order to prevent partial double recovery in breach of contract action); *E. K. Buck Retail Stores v. Harkert*, 157 Neb. 867, 62 N.W.2d 288 (1954) (absent special injury, stockholder not entitled to bring separate action for proportionate share of injury to corporation because subsequent recovery by corporation would result in double recovery for stockholder). Where several claims are asserted against several parties for redress of the same injury, only one satisfaction can be had. *Bryant Heating v. United States Nat. Bank*, 216 Neb. 107, 342 N.W.2d 191 (1983). Thus, to the extent that Vowers & Sons has received satisfaction from the settlement with Newell for injury and damage alleged in this action, any damages for which Strasheim would be potentially liable must be reduced pro tanto. See *id.*

### VOWERS & SONS' MOTION FOR SUMMARY JUDGMENT

To support its motion for summary judgment, Vowers & Sons had the burden to show that no genuine issue of material fact existed and was required to produce sufficient evidence to demonstrate that it was entitled to judgment as a matter of law. See, *Chelberg v. Guitars & Cadillacs*, 253 Neb. 830, 572 N.W.2d 356 (1998); *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 571 N.W.2d 294 (1997); *Eiche v. Blankenau*, 253 Neb. 255, 570 N.W.2d 190 (1997). As we stated in *Vowers & Sons, Inc. v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995), in order to recover for breach of contract a plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that actuate the

defendant's duty. See, also, *Solar Motors v. First Nat. Bank of Chadron*, 249 Neb. 758, 545 N.W.2d 714 (1996); *Production Credit Assn. v. Eldin Haussermann Farms*, 247 Neb. 538, 529 N.W.2d 26 (1995). While Vowers' affidavit contains a general statement that Vowers & Sons was prepared to convey the property pursuant to the purchase agreement, it offers no explanation as to how the outstanding liens shown on the title insurance commitment, which far exceeded the contract price, would be satisfied in order to permit conveyance of marketable title. Moreover, the affidavit contains no showing regarding any injury or damages sustained by Vowers & Sons as a result of the alleged breach of contract. Vowers & Sons therefore did not meet its initial burden of producing evidence which, if uncontroverted, would entitle it to judgment as a matter of law, and the district court did not err in denying Vowers & Sons' motion for summary judgment.

## CONCLUSION

For the reasons stated, we conclude that the district court did not err in denying Vowers & Sons' motion for summary judgment. However, because we hold that the doctrines of election of remedies and judicial estoppel are inapplicable to this case and that genuine issues of material fact exist as to whether Strasheim is liable to Vowers & Sons for breach of contract, we conclude that the district court erred in entering summary judgment in favor of Strasheim. On the record before us, there is no basis for an award of attorney fees pursuant to § 25-824(2).

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.