GEORGETTE TADROS, APPELLEE, V. CITY OF OMAHA,
A MUNICIPAL CORPORATION, APPELLANT.
735 N.W.2d 377

Filed July 13, 2007.   No. S-05-1538.

Robert J. Hamer, Deputy Omaha City Attorney, for appellant.

Matthew G. Miller for appellee.

Jeffry D. Patterson, of Bartle & Geier Law Firm, for amicus curiae Nebraska Association of Trial Attorneys.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ., and CARLSON, Judge.

McCORMACK, J.

## NATURE OF CASE

We are asked to determine whether, under our contributory negligence statutes,[1] a joint tort-feasor defendant's liability for economic damages is reduced by the amount of a nonparty joint tort-feasor's settlement with the plaintiff or, instead, by the nonparty's proportionate share of liability regardless of the settlement amount. Section 25-21,185.11(1) states that in the event of settlement by the claimant with one joint tort-feasor, "[t]he claim of the claimant against other persons shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact." The defendant in this case relies on § 25-21,185.11 to argue that its liability should be reduced by the nonparty tort-feasor's proportionate share of negligence, even though the plaintiff/claimant received less than that proportionate share in her settlement. The plaintiff argues that § 25-21,185.11 does not clearly abrogate the common-law rule that joint tort-feasors were jointly and severally liable and that any settlement with one reduces the liability of remaining tort-feasors only by the amount of the settlement.

## BACKGROUND

The City of Omaha (City) appeals from a determination upon remand of apportionment of liability.[2] The underlying facts of the case are not in dispute. To summarize, Georgette Tadros was crossing West Center Road in Omaha, Nebraska, when she was seriously injured after being struck by a vehicle driven by James Bowley, Jr. Tadros had begun to cross West Center Road when the "walk" light on the crosswalk signal was illuminated, but the signal changed to red as she stepped from a median in the middle of the street. In setting the pedestrian clearance interval for the signal, the City had failed to provide sufficient time for pedestrians traveling at a normal speed to cross the intersection.

---

[1] See Neb. Rev. Stat. §§ 25-21,185.07 to 25-21,185.12 (Reissue 1995).

[2] See *Tadros v. City of Omaha*, 269 Neb. 528, 694 N.W.2d 180 (2005).

Tadros originally brought suit against both the City and Bowley, but later settled with Bowley for the amount of $35,000. In accordance with a joint stipulation of Tadros and Bowley, the court dismissed Bowley as a defendant in the case. The propriety of the court's dismissal of Bowley as a party defendant is not contested, and only Tadros and the City were parties to the proceedings upon remand. There is no suggestion that the City and Bowley acted in concert as part of a common enterprise or plan.

The trial court found that Tadros was 20-percent negligent in stepping off the median and into traffic, that Bowley was 30-percent negligent in failing to keep a proper lookout and exercise due care to avoid colliding with Tadros, and that the City was 50-percent negligent in its timing of the "walk" signal. The court found that Tadros suffered total economic damages in the amount of $1,258,999.81 and total noneconomic damages in the amount of $300,000.

Relying on § 25-21,185.10, the court concluded that the City and Bowley were jointly and severally liable to Tadros for the amount of economic damages not attributable to her contributory negligence, a total amount of $1,007,199.81. It determined that the City's liability for noneconomic damages was several only, and not joint. The court calculated that the City was responsible for 50 percent of Tadros' noneconomic damages, which would be $150,000. The court then added the $1,007,199.81 and $150,000 amounts and deducted the $35,000 settlement amount which Bowley paid to Tadros, for a total judgment against the City in the amount of $1,122,199.81. Pursuant to the limitations on recovery under Neb. Rev. Stat. § 13-926(1) (Reissue 1997), the judgment against the City was reduced to $1 million. The City appeals the district court's order.

## ASSIGNMENT OF ERROR

The City asserts that in considering the effect of the pretrial settlement and release of Bowley, the trial court erred in reducing its liability for economic damages by the amount of the settlement and release, $35,000, rather than by $377,699.94, the amount representing Bowley's 30-percent proportionate share of responsibility for Tadros' injuries.

## STANDARD OF REVIEW

■ The meaning of a statute is a question of law, and when reviewing a question of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court.[3]

## ANALYSIS

Under Nebraska common law, an act wrongfully done by the joint agency or cooperation of several persons, or done contemporaneously by them without concert, renders them liable for all damages, both economic and noneconomic, jointly and severally.[4] Under such joint and several liability, either tort-feasor may be held liable for the entire damage, and a plaintiff need not join all tort-feasors as defendants in an action for damages.[5] Also, in accordance with the underpinnings of joint and several liability, our common law follows the traditional rule[6] that if the plaintiff settles with one of the jointly and severally liable tort-feasors, then the plaintiff's recovery against the remaining tort-feasors is reduced by the actual settlement amount. This is often referred to as pro tanto reduction.[7]

However, for cases involving multiple defendants where contributory negligence is a defense, the Legislature has altered the common law.[8] We have explained that in cases falling under § 25-21,185.10, the Legislature has abrogated common law regarding noneconomic damages against joint tort-feasors not acting in concert by limiting a plaintiff's recovery of noneconomic damages from any one tort-feasor to that tort-feasor's

---

[3] See *Zach v. Nebraska State Patrol, ante* p. 1, 727 N.W.2d 206 (2007).

[4] *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999).

[5] *Id.*

[6] See 22 Am. Jur. 2d *Damages* § 390 (2003).

[7] See, *Jameson v. Liquid Controls Corp.*, 260 Neb. 489, 618 N.W.2d 637 (2000). See, also, *Vowers & Sons, Inc. v. Strasheim*, 254 Neb. 506, 576 N.W.2d 817 (1998); *Fitzgerald v. Union Stock Yards Co.*, 89 Neb. 393, 131 N.W. 612 (1911).

[8] See §§ 25-21,185.07 to 25-21,185.12.

proportionate liability.[9] This proportionate share is often re-
ferred to as the pro rata share. Section 25-21,185.10 retains
common law joint and several liability for economic damages.
Thus, Tadros relies on § 25-21,185.10 in arguing that the trial
court's decision to reduce the City's liability for economic
damages by the pro tanto amount of her settlement with Bowley
was correct.

█ Because Bowley was no longer a defendant in Tadros'
action, we conclude that § 25-21,185.10 is inapplicable to
the question of apportionment of liability as between Bowley
and the City. Section 25-21,185.10, by its terms, is limited to
"action[s] involving more than one defendant." In addition,
the joint and several liability for economic damages described
in § 25-21,185.10 is "of each defendant." In *Maxwell v.
Montey*,[10] we explained that if the action does not involve
multiple party defendants, then § 25-21,185.10 is simply not
applicable. The proper timeframe to consider whether there
are multiple defendants is when the case is submitted to the
finder of fact.

The joint tort-feasor in *Maxwell* was not dismissed pursu-
ant to a settlement with the plaintiff, and we have never had
occasion to consider the provisions of § 25-21,185.11 which
specifically address the rights of the parties when a settlement
is entered into between the claimant and a person liable to
the claimant. The City argues that § 25-21,185.11 abrogates
the common-law pro tanto reduction rule in favor of a pro
rata reduction. Tadros, in contrast, argues that whether or not
§ 25-21,185.10 governs this case, § 25-21,185.11 does not abro-
gate the common-law pro tanto rule.

█ It is true that statutes which effect a change in com-
mon law or take away a common-law right should be strictly
construed.[11] Also, a construction which restricts or removes
a common-law right should not be adopted unless the plain

---

[9] See *Lackman v. Rousselle, supra* note 4.

[10] *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001).

[11] *Lackman v. Rousselle, supra* note 4.

words of the statute compel it.[12] But we agree with the City that § 25-21,185.11 has clearly abrogated common law with regard to the apportionment of liability between a party defendant joint tort-feasor and a nonparty settling tort-feasor.

Section 25-21,185.11 states in full:

> (1) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall discharge that person from all liability to the claimant but shall not discharge any other persons liable upon the same claim unless it so provides. *The claim of the claimant against other persons shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact.*
>
> (2) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall preclude that person from being made a party or, if an action is pending, shall be a basis for that person's dismissal, but the person's negligence, if any, shall be considered in accordance with section 25-21,185.09.

(Emphasis supplied.)

Section 25-21,185.09 states:

> Any contributory negligence chargeable to the claimant shall diminish proportionately the amount awarded as damages for an injury attributable to the claimant's contributory negligence but shall not bar recovery, except that if the contributory negligence of the claimant is equal to or greater than the total negligence of all persons against whom recovery is sought, the claimant shall be totally barred from recovery. The jury shall be instructed on the effects of the allocation of negligence.

■ As reflected above, § 25-21,185.11(1) plainly states that after the claimant settles with a joint tort-feasor, the claimant's claim against other persons "shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact." That the obligation is to be a "share" "determined by the trier of fact" precludes the idea that the "obligation" referred to in § 25-21,185.11(1) is the pro tanto amount

---

[12] *Id.*

of the settlement with the injured party. Had the Legislature wished for a nonsettling party's share to be reduced simply by the settlement amount, an obligation which would neither represent a "share" nor necessitate a "determin[ation]" by the trier of fact, it could have easily done so. Instead, the language of § 25-21,185.11(1) is similar to the language of § 25-21,185.10, relating to the allocation of noneconomic damages amongst multiple defendants, "in direct proportion to that defendant's percentage of negligence."

Tadros argues that our decisions in *Jameson v. Liquid Controls Corp.*[13] and *Vowers & Sons, Inc. v. Strasheim*[14] hold otherwise. *Jameson* involved the settlement of a products liability claim, while *Vowers & Sons, Inc.* was a breach of contract action. Neither of those cases fell under the contributory negligence statutes or addressed § 25-21,185.11, and those cases are simply inapposite to this case.

Under the contributory negligence statutory scheme in Nebraska, joint tort-feasors who are "defendants" in an action "involving more than one defendant" share joint and several liability to the claimant for economic damages.[15] They are liable for the entire amount of the claimant's economic damages which are not chargeable to the claimant, so long as the claimant's contributory negligence is not equal to or greater than the total negligence of all persons against whom recovery is sought.[16] But, when the claimant settles with a joint tort-feasor, the claimant forfeits that joint and several liability. The claimant cannot recover from the nonsettling joint tort-feasor more than that tort-feasor's proportionate share in order to compensate for the fact that the claimant made settlement with another that may prove to be inadequate.

By deducting the pro rata settlement amount from the claimant's claim against any nonsettling party joint tort-feasor, finality of liability for the settling tort-feasor is accomplished as to

---

[13] *Jameson v. Liquid Controls Corp., supra* note 7.

[14] *Vowers & Sons, Inc. v. Strasheim, supra* note 7.

[15] § 25-21,185.10.

[16] See § 25-21,185.09.

both the claimant and party defendant joint tort-feasors. This encourages settlement, and it is the policy of the law to encourage rather than discourage the settlement of controversies by the parties out of court.[17] This is the case because while a joint tort-feasor has a right to contribution against other joint tort-feasors when he or she discharges more than his or her proportionate share of the judgment,[18] the joint tort-feasor will not discharge more than his or her proportionate share as to the settling tort-feasor. In addition, fairness is achieved to the extent that the nonsettling tort-feasor will not be prejudiced by a settlement amount over which he or she had no control.

This scheme is in accordance with the Uniform Comparative Fault Act and the Restatement (Third) of Torts.[19] While it is true that the injured party, by choosing to settle with one or more of several joint tort-feasors, takes the risk of settling for too small an amount,[20] the claimant could also benefit in the event the settlement exceeds the settling tort-feasor's proportionate liability.[21] Reducing the claimant's claim against nonsettling joint tort-feasors by the pro rata, rather than the pro tanto, share of the settling tort-feasor's obligation, strikes a balance in the interests of encouraging settlement and fairness to all affected parties.

Because § 25-21,185.11 mandates reduction by the settling tort-feasor's proportionate share of liability as determined by the trier of fact, the trial court erred in failing to deduct that share of responsibility attributable to Bowley from Tadros' judgment for economic damages against the City. The trial court already determined the relative share of negligence for Tadros, the City, and Bowley, and there is no dispute before us as to

---

[17] See *Snoke v. Beach*, 105 Neb. 127, 179 N.W. 389 (1920).

[18] *Royal Ind. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 229 N.W.2d 183 (1975).

[19] See, Unif. Comparative Fault Act § 6, 12 U.L.A. 147 (1996); Restatement (Third) of Torts: Apportionment of Liability § 16 (2000).

[20] See 3 Jacob A. Stein, Stein on Personal Injury Damages § 14:33 (Gerald W. Boston ed., 3d ed. 1997).

[21] See *id.*

that determination or as to the determination of total economic damages. Accordingly, we reverse the judgment and remand the cause with directions to enter a judgment against the City for $629,499.91 in economic damages, for a total award of economic and noneconomic damages of $779,499.91, as follows:

| ECONOMIC: | $1,258,999.81 | |
| | - 251,799.96 | (Tadros' 20 percent) |
| | $1,007,199.85 | |
| | - 377,699.94 | (Bowley's 30 percent) |
| | **$ 629,499.91** | |

| NONECONOMIC: | $ 300,000.00 | |
| | - 60,000.00 | (Tadros' 20 percent) |
| | $ 240,000.00 | |
| | - 90,000.00 | (Bowley's 30 percent) |
| | **$ 150,000.00** | |

| TOTAL: | $ 629,499.91 | |
| | + 150,000.00 | |
| | **$ 779,499.91** | |

REVERSED AND REMANDED WITH DIRECTIONS.

STEPHAN, J., not participating.