Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/10/2020 04:10 PM CDT

City of Wahoo, Nebraska,
appellant, v. NIFCO Mechanical
Systems, Inc., appellee.
___ N.W.2d ___

Filed June 19, 2020.    No. S-19-622.

1. **Jury Instructions: Appeal and Error.** Whether a jury instruction is correct is a question of law, which an appellate court independently decides.
2. ____: ____. Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error.
3. **Appeal and Error: Words and Phrases.** Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.
4. **Jury Instructions: Appeal and Error.** If the jury instructions given, taken as a whole, correctly state the law, are not misleading, and adequately cover the issues submissible to a jury, there is no prejudicial error concerning the instructions and necessitating a reversal.
5. **Appeal and Error.** An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings.

Appeal from the District Court for Saunders County: Christina M. Marroquin, Judge. Reversed and remanded for a new trial.

John P. Weis, of Wolfe, Snowden, Hurd, Ahl, Sitzmann, Tannehill & Hahn, L.L.P., for appellant.

Daniel B. Shuck, of Shuck Law Firm, P.C., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

In this negligence action, the district court gave the jury two comparative negligence instructions. One instructed the jury that if it found that the plaintiff's negligence was more than slight or that the remaining defendant's negligence was less than gross, then its verdict must be for the remaining defendant. Another stated that if the jury found that the negligence of the plaintiff was equal to or greater than the negligence of the remaining defendant and a defendant that had been dismissed from the case by stipulation, then the plaintiff was not entitled to recover, but if the plaintiff's negligence was less than the negligence of those defendants, it would be allowed to recover. Following a verdict for the remaining defendant, NIFCO Mechanical Systems, Inc. (NIFCO), the plaintiff, the City of Wahoo, Nebraska (Wahoo), appeals. We find that the comparative negligence instructions constituted plain error and thus reverse, and remand for a new trial.

BACKGROUND

*Parties and Claims.*

On January 7, 2014, a pipe in the sprinkler system of Wahoo's public library burst. This caused the sprinkler system to activate and resulted in water damage to books, other items, and the building itself. Wahoo subsequently brought suit against Cheever Construction Company (Cheever) and NIFCO. Among other theories of recovery, Wahoo alleged that Cheever negligently installed the sprinkler system and that NIFCO negligently failed to inspect and maintain it. Cheever joined Midwest Automatic Fire Sprinkler Co. (Midwest) as a third-party defendant. Among the affirmative defenses asserted by NIFCO was a claim that Wahoo's negligence was a proximate cause of any damages and that, as a result, either Wahoo

was completely barred from recovering or its recovery was subject to reduction by the percentage of its fault.

Because the details of the trial proceedings are not central to the issues on appeal, we will not recount them in great specificity here. For our purposes, it is sufficient to note that all claims asserted by or against Cheever and Midwest were dismissed by stipulation during the course of trial and that the case was submitted to the jury with NIFCO as the sole defendant.

*Jury Instructions and Verdict Forms.*

Among the instructions adopted by the court and submitted to the jury were instructions Nos. 2 and 5, both of which dealt with comparative negligence. Instruction No. 2 included language of "slight" and "gross" in the course of instructing the jury on comparative negligence. After explaining that Wahoo bore the burden of proving NIFCO was negligent and that NIFCO bore the burden of proving Wahoo was negligent, a section of that instruction directed the jury as to what it should do if it found that both parties met their burden to show the other was negligent. This section provided as follows:

C. EFFECT OF FINDINGS

If the plaintiff *has* met its burden of proof and the defendant *has not* met its burden of proof, then your verdict must be for the plaintiff.

If both the plaintiff and the defendant have met their burden of proof, then you must compare the negligence of each with that of the other.

1. If upon comparison you decide that the plaintiff's negligence was more than slight, or that the defendant's was less than gross, then your verdict must be for the defendant.

2. If, however, upon comparison, you decide that the plaintiff's negligence was slight and that the defendant's was gross, then your verdict must be for the plaintiff. . . . You must then decide what percent of the total

negligence was attributable to the plaintiff and reduce the amount of its total damages by that same percent, returning a verdict for the balance only.

The words "slight" and "gross" as used here are comparative words. The negligence of a party is not to be evaluated as slight or gross standing alone but only when compared with that of the other party.

(Emphasis in original.)

Instruction No. 5 also addressed comparative fault. It provided as follows:

COMPARATIVE NEGLIGENCE

If you find Plaintiff, [Wahoo], was damaged and that the damages were proximately caused by the negligence of [NIFCO] and [Midwest], then you must determine to what extent the negligent conduct of each contributed to the damages of the plaintiff, expressed as a percentage of 100 percent.

If you find that both Plaintiff and one or more of the Defendants were negligent and that the negligence of the plaintiff was equal to or greater than the negligence of the defendants, then Plaintiff will not be allowed to recover.

If you find that [Wahoo] and one or more of the Defendants were negligent and that the negligence of one or more of the Defendants was greater than the negligence of [Wahoo], then the Plaintiff will be allowed to recover.

If Plaintiff is allowed to recover, you will first determine the Plaintiff's total damages without regard to the percentage or degree of negligence.

If Plaintiff is allowed to recover, then the court will then reduce the total damages by the percentage of the plaintiff's negligence.

In this regard please refer to the Verdict Form No. 3.

Neither party objected to instruction No. 2 or instruction No. 5 or proposed any alternative instructions regarding comparative negligence.

The district court supplied the jury with several verdict forms. Verdict form No. 1 provided that Wahoo had not met its burden of proof and that the jury's verdict was for NIFCO. Verdict form No. 2 provided that Wahoo had met its burden of proof, that NIFCO had not met its burden of proof, and that the jury's verdict was for Wahoo. Verdict form No. 2 included a line upon which the jury could enter Wahoo's damages.

Verdict form No. 3 allowed for a finding that Wahoo proved NIFCO was negligent and that NIFCO proved Wahoo was negligent. The form included blank lines upon which the jury could enter NIFCO's and Midwest's respective percentages of negligence. Just below those blank lines, the form stated that "[t]he total negligence must add up to 100%." A space was not provided for Wahoo's percentage of negligence, nor was there one for Cheever's. Verdict form No. 3 then stated that if Wahoo's negligence equaled 50 percent or more, a verdict should be returned for NIFCO using verdict form No. 1 and verdict form No. 3 should not be completed further. Verdict form No. 3 next stated that if Wahoo's negligence was less than 50 percent, the jury must return a verdict for Wahoo and calculate Wahoo's total damages; the court would then determine the award by reducing the total damages by the percentage of negligence apportioned to Wahoo and to Midwest.

*Jury Verdict and Wahoo's*
*Motion for New Trial.*

The jury completed verdict form No. 1 and rendered a verdict in favor of NIFCO. The district court accepted the verdict.

Wahoo filed a timely motion for a new trial. Wahoo asserted that instruction No. 2 contained an incorrect statement of the law. Following a hearing, the district court denied the motion in a written order.

In its order, the district court acknowledged that instruction No. 2 and its use of "slight" and "gross" was not a proper comparative negligence instruction. The district court

nonetheless concluded that Wahoo was not entitled to a new trial. It recited two reasons for that conclusion: First, the district court asserted that if instructions Nos. 2 and 5 were read together, they correctly stated the law and were not confusing or misleading. In this regard, the district court suggested that instructions Nos. 2 and 5 were not contradictory, but that instruction No. 2's use of "slight" and "gross" was merely a "more general comparison" than the comparison called for in instruction No. 5. The district court reasoned that taken together, the instructions directed the jury to first make a determination as to whether the parties' negligence was slight or gross, but then, in conjunction with verdict form No. 3, directed it to express negligence in percentage terms. Alternatively, the district court concluded that the jury did not reach the issue of comparative negligence and that, thus, any error in instruction on the issue was harmless.

Wahoo appeals.

## ASSIGNMENTS OF ERROR

Wahoo asserts multiple assignments of error, but each rests on the contention that the district court erred by instructing the jury with the "slight" and "gross" formulation in instruction No. 2.

## STANDARD OF REVIEW

[1] Whether a jury instruction is correct is a question of law, which an appellate court independently decides. *Kuhnel v. BNSF Railway Co.*, 287 Neb. 541, 844 N.W.2d 251 (2014).

## ANALYSIS

*Propriety of Instruction No. 2.*

[2] Wahoo contends that the verdict against it must be reversed because of the inclusion of the "slight" and "gross" comparative negligence formulation in instruction No. 2. Wahoo, however, did not object to instruction No. 2 at trial. We have stated that failure to object to a jury instruction after it has been submitted to counsel for review precludes raising

an objection on appeal absent plain error. *Id.* Our review is thus limited to plain error here.

As for instruction No. 2, no one involved in this case believes that the "slight" and "gross" comparative negligence formulation should have been included in the jury instructions. The district court acknowledged it should not have been given in its order on Wahoo's motion for a new trial. And although NIFCO maintains that reversal is not appropriate, it too concedes that the "slight" and "gross" formulation should not have been included in the instructions to the jury.

We agree that instruction No. 2 should not have been given, but before turning to the disputed issue on which this appeal turns—whether the jury instructions rise to the level of plain error—we pause to clarify a misunderstanding regarding the "slight" and "gross" comparative negligence formulation held by the district court and the parties to this case, a misunderstanding that appears to have arisen as a result of comments to the Nebraska Jury Instructions.

The district court explained in its order denying Wahoo's motion for a new trial that instruction No. 2 was taken from NJI2d Civ. 2.02A. A "Special Note" in the comments to that instruction states that it applies to "causes of action that accrue before February 8, 1992." The Special Note goes on to say that "[i]t seems" that the NJI2d Civ. 2.02A pattern instruction containing the "slight" and "gross" formulation

> also applies to causes of action that accrue on or after February 8, 1992, when there is only one defendant in the case when it goes to the jury (and, presumably, no defendant who has been discharged from a lawsuit by a release, a covenant not to sue, or a similar agreement entered into by a claimant and a person liable).

In its order denying Wahoo's motion for a new trial, the district court, with a citation to the Special Note, concluded that the instruction patterned after NJI2d Civ. 2.02A should not have been given, because Cheever and Midwest had been discharged from the lawsuit. Wahoo and NIFCO also appear

to take the position that the instruction should not have been given for that reason.

We agree that the jury should not have been instructed with the "slight" and "gross" language, but we do not believe the propriety of that instruction turns on the discharge of Cheever and Midwest from the suit. As we will explain, under the governing statutes, the "slight" and "gross" formulation applies only to what must be an ever-shrinking category of cases that accrued before February 8, 1992.

At common law, if any negligence of the plaintiff contributed to his or her injury, the doctrine of contributory negligence barred recovery completely. See, e.g., *Niemeyer v. Tichota*, 190 Neb. 775, 212 N.W.2d 557 (1973). Nebraska adopted a statutory version of comparative negligence that departed from the common law rule in 1913. See *id.* The statute allowed for the possibility of some recovery for a plaintiff even if his or her negligence contributed to the injury, so long as the plaintiff's negligence was "slight" and the defendant's negligence was "gross." If that was the case, the damages awarded to the plaintiff would be reduced in proportion to the amount of negligence attributable to the plaintiff. See *id.*

In 1992, the comparative negligence statute was amended again. See 1992 Neb. Laws, L.B. 262. Under the 1992 amendments, the "slight" and "gross" formulation was left in place for actions accruing before February 8, 1992. See Neb. Rev. Stat. § 25-21,185 (Reissue 2016). But a new comparative negligence regime was put in place for actions accruing on or after February 8, 1992. See Neb. Rev. Stat. § 25-21,185.07 (Reissue 2016). For those actions, the "slight" and "gross" language was removed and then replaced with the following:

> Any contributory negligence chargeable to the claimant shall diminish proportionately the amount awarded as damages for an injury attributable to the claimant's contributory negligence but shall not bar recovery, except that if the contributory negligence of the claimant is equal to or greater than the total negligence of all persons

against whom recovery is sought, the claimant shall be totally barred from recovery. The jury shall be instructed on the effects of the allocation of negligence.

Neb. Rev. Stat. § 25-21,185.09 (Reissue 2016).

Other sections of the 1992 statutory amendments address how liability is to be allocated among multiple defendants. See Neb. Rev. Stat. §§ 25-21,185.10 and 25-21,185.11 (Reissue 2016). We have previously held that § 25-21,185.10 applies only where there are multiple defendants in a lawsuit at the time the case is submitted to the finder of fact. See *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001). Section 25-21,185.11 applies when a claimant enters into a release, covenant not to sue, or similar agreement with a person liable for negligence. See, e.g., *Tadros v. City of Omaha*, 273 Neb. 935, 735 N.W.2d 377 (2007). But there is nothing in those statutes or any of the other comparative negligence statutes suggesting that the "slight" and "gross" formulation is to be used in any cases accruing on or after February 8, 1992. We disapprove of the Special Note following NJI2d Civ. 2.02A to the extent it suggests otherwise.

Because the "slight" and "gross" formulation applies only in cases accruing before February 8, 1992, it does not apply here and the jury should not have been instructed as if it did.

*Plain Error Analysis.*

[3] Because Wahoo did not object to the jury instructions at issue, we may reverse on that basis only if there was plain error. Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Kuhnel v. BNSF Railway Co.*, 287 Neb. 541, 844 N.W.2d 251 (2014).

NIFCO argues that the inclusion of instruction No. 2 did not amount to plain error for two reasons: First, it argues that

there was no plain error, because instruction No. 5 correctly set forth the governing comparative negligence standards. Second, it argues that any error was harmless, because the jury did not reach the question of comparative negligence. The district court identified essentially the same reasons for denying Wahoo's motion for a new trial. As we will explain below, we find plain error.

[4] Starting with NIFCO's argument that the jury was properly instructed on the subject of comparative negligence, it is true that if the jury instructions given, taken as a whole, correctly state the law, are not misleading, and adequately cover the issues submissible to a jury, there is no prejudicial error concerning the instructions and necessitating a reversal. See *Jacobs Engr. Group v. ConAgra Foods*, 301 Neb. 38, 917 N.W.2d 435 (2018). In our view, however, that proposition has no application here, because the instructions, taken as a whole, did not correctly state the law.

Instruction No. 5 may have correctly stated the governing comparative negligence law, but instruction No. 2 did not. And it is not difficult to see how the jury could have been led astray by instruction No. 2. Consider a case in which the jury believed that Wahoo's damages were caused by the negligence of both Wahoo and NIFCO, with Wahoo's share of responsibility approaching but not reaching 50 percent. A jury likely would not deem that level of negligence on the part of Wahoo "slight" or that level of negligence on the part of NIFCO "gross," and if the jury so found, instruction No. 2 would direct it to enter a verdict in favor of NIFCO. But this would, of course, run directly counter to the current comparative negligence law, which allows Wahoo some recovery under those same circumstances. See § 25-21,185.09. As this example illustrates, instruction No. 2 was not, as the district court suggested, a general statement of comparative negligence law, which was ultimately clarified by instruction No. 5. Rather, instruction No. 2 "misstate[d] the law upon a vital issue" and was not "cured by another which state[d]

the law correctly." *Kaspar v. Schack*, 195 Neb. 215, 220, 237 N.W.2d 414, 417 (1976).

This leaves NIFCO's argument that any error in the comparative negligence instructions was harmless. Here, NIFCO relies on several cases in which Nebraska appellate courts have held that any error in instructing the jury on comparative negligence was harmless, because the jury's return of a special verdict form stating the jury found no negligence on the part of the defendant showed that it did not reach the question of comparative negligence. See, e.g., *Corcoran v. Lovercheck*, 256 Neb. 936, 594 N.W.2d 615 (1999); *Hoover v. Burlington Northern RR. Co.*, 251 Neb. 689, 559 N.W.2d 729 (1997); *Ammon v. Nagengast*, 24 Neb. App. 632, 895 N.W.2d 729 (2017). NIFCO argues that the jury did not reach the issue of comparative negligence in this case, because it returned its verdict on verdict form No. 1, which stated that Wahoo had not met its burden of proof.

Unlike the cases cited by NIFCO, however, we cannot be certain in this case that the jury did not reach the issue of comparative negligence. As we have noted, the jury was directed via instruction No. 2 that if it found that both parties were negligent and that Wahoo's negligence was more than slight and NIFCO's negligence was less than gross, its verdict must be for NIFCO. The only verdict form given to the jury which allowed it to return a verdict for NIFCO was verdict form No. 1. Accordingly, while it is possible that the jury did not reach the issue of comparative negligence, it is equally possible that the jury did reach the issue of comparative negligence and understood its instructions to require it to use verdict form No. 1.

Not only do we believe that the district court erred by giving instruction No. 2 and that this error was not harmless, it also bears all of the attributes of plain error. The error was plainly evident from the record and affected Wahoo's substantial right to have the jury decide the case under the governing law. We also believe that if we were to leave this error uncorrected, it

would result in damage to the integrity, reputation, and fairness of the judicial process. The Legislature decided nearly three decades ago that, moving forward, comparative negligence would no longer be decided through the "slight" and "gross" formulation. The district court's use of that formulation in this case failed to give effect to the Legislature's policy choice.

Because the district court's comparative negligence jury instructions were plainly erroneous, we reverse, and remand for a new trial.

*Issue Likely to Recur on Remand.*

[5] An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings. *Bohling v. Bohling*, 304 Neb. 968, 937 N.W.2d 855 (2020). Prior to concluding, we exercise that discretion here to note one additional problem with the district court's directions to the jury concerning comparative negligence.

According to instruction No. 5, verdict form No. 3 was to be used if the jury found that the negligence of both Wahoo and one or more of the defendants proximately caused Wahoo's damages. Verdict form No. 3 included spaces for the jury to list the respective percentages of negligence of certain parties. But the only blank lines provided were for NIFCO and Midwest. No blank line was provided for Wahoo or Cheever. Just below those lines, the jury was told that "[t]he total negligence must add up to 100%."

At the jury instructions conference, NIFCO objected to the fact that a line was not included for Cheever on verdict form No. 3. The district court overruled that objection, finding that there was no evidence of Cheever's negligence presented at trial.

Although neither party objected to the fact that a line was not provided for Wahoo's percentage of negligence, that appears to have been erroneous. For the jury to properly consider the issue of Wahoo's comparative negligence as directed

by instruction No. 5, it would have to assess, in percentage terms, the extent to which Wahoo's negligence proximately caused its damages. But verdict form No. 3 not only did not provide a space for the jury to list a percentage of negligence for Wahoo, by directing that the negligence of NIFCO and Midwest must total 100 percent, it seemed to suggest that the jury was not to consider the issue at all. If, when this matter is retried, the district court finds that the evidence warrants instruction on the issue of Wahoo's comparative negligence, the relevant verdict form should make clear the jury is to consider and list a percentage of negligence for Wahoo.

## CONCLUSION

For the reasons explained above, we reverse, and remand for a new trial.

Reversed and remanded for a new trial.